**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                                     (State)

Case number (*if known*): _____ Chapter 11

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

---

1. **Debtor's name**

   Appvion, Inc.

---

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   Appleton Papers, Inc.

---

3. **Debtor's federal Employer Identification Number (EIN)**

   3 6 – 2 5 5 6 4 6 9

---

4. **Debtor's address**

   **Principal place of business**

   825        East Wisconsin Avenue
   Number     Street

   P.O. Box 359

   Appleton              WI        54912
   City                  State     ZIP Code

   Outgamie County
   County

   **Mailing address, if different from principal place of business**

   _____
   Number      Street

   _____
   P.O. Box

   _____
   City             State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number      Street

   _____

   _____
   City             State    ZIP Code

---

5. **Debtor's website (URL)**

   www.appvion.com

---

6. **Type of debtor**

   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding  LLP)
   ☐ Other. Specify: _____

---

Debtor ___Appvion, Inc._____  Case number (if known)_____
            Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

  3   2   2   1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
                                  MM / DD / YYYY

       District _____ When _____ Case number _____
                                  MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. Debtor  See Rider 1 _____  Relationship  Affiliate _____

       District  Delaware _____  When  10/01/2017 _____
                                        MM / DD / YYYY

       Case number, if known _____

| Debtor | Appvion, Inc. | Case number (*if known*) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number        Street

_____

City        State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49   ☑ 1,000-5,000   ☐ 25,001-50,000
☐ 50-99   ☐ 5,001-10,000   ☐ 50,001-100,000
☐ 100-199   ☐ 10,001-25,000   ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000   ☐ $1,000,001-$10 million   ☐ $500,000,001-$1 billion
☐ $50,001-$100,000   ☐ $10,000,001-$50 million   ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000   ☐ $50,000,001-$100 million   ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million   ☑ $100,000,001-$500 million   ☐ More than $50 billion

| Debtor | Appvion, Inc. | | Case number (if known) |
|---|---|---|---|
| | Name | | |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

∎ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

∎ I have been authorized to file this petition on behalf of the debtor.

∎ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    10/01/2017
              MM / DD / YYYY

✗ _Alan D. Holtz (signature)_                    Alan D. Holtz
Signature of authorized representative of debtor      Printed name

Title   Chief Restructuring Officer

**18. Signature of attorney**

✗ _(signature)_                    Date   10/01/2017
Signature of attorney for debtor              MM / DD / YYYY

Stuart M. Brown
Printed name

DLA Piper LLP (US)
Firm name

1201          North Market Street, Suite 2100
Number        Street

Wilmington                              DE        19801
City                                    State     ZIP Code

302-468-5700                            stuart.brown@dlapiper.com
Contact phone                           Email address

4050                                    Delaware
Bar number                              State

**Official Form 201A (12/15)**

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

## United States Bankruptcy Court
## District of Delaware

In re     Appvion, Inc.                  Case No. _____

                    Debtor(s)        Chapter    11 _____

## Attachment to Voluntary Petition for Non-Individuals Filing for
## Bankruptcy under Chapter 11

If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is <u>333-82084</u>.

The following financial data is the latest available information and refers to the debtor's condition as of <u>August 31, 2017</u>.

| | | | |
|---|---|---|---|
| a. | Total assets | $ | 413,430,904 |
| b. | Total debts (including debts listed in 2.c., below) | $ | 714,758,194 |

c.    Debt securities held by more than 500 holders:                       Approximate number of holders:

| | | | | | | |
|---|---|---|---|---|---|---|
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ _____ _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ _____ _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ _____ _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ _____ _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ _____ _____ |

d.    Number of shares of preferred stock          _____    _____

e.    Number of shares common stock             _____    _____

Comments, if any:

Brief description of Debtor's business:
**The Company is a leading manufacturer of high value-added coated and specialty paper products including carbonless, thermal, security, high-speed inkjet and colored papers. The Company creates product solutions for customers and end users through its development and use of coating formulations and applications as well as security technologies. Appvion, Inc. was incorporated in Delaware in July 1965 and is the primary operating subsidiary of Paperweight Development Corporation.**

List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**Paperweight Development Corporation**

Fill in this information to identify the case and this filing:

Debtor Name Appvion, Inc.

United States Bankruptcy Court for the:_____ District of Delaware
                                                    (State)

Case number (*If known*):_____

# RIDER 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a voluntary petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of their cases, with the lead case number assigned to the chapter 11 case of Appvion, Inc.

- Appvion, Inc.
- Paperweight Development Corp.
- PDC Capital Corporation
- Appvion Receivables Funding I LLC
- APVN Holdings LLC
- Appvion Global Netherlands Cooperatief UA

### SECRETARY'S CERTIFICATE OF
### RESOLUTIONS OF THE BOARD OF DIRECTORS
### OF APPVION, INC.

I, Tami L. Van Straten, the undersigned Secretary of Appvion, Inc. (the "Company"), hereby certify that, on October 1, 2017, the following resolutions were duly adopted and authorized in accordance with the requirements of applicable law by the Board of Directors (the "Board of Directors") of the Company, and recorded in the minute book of the Company, and that they have not been amended, modified or rescinded and, accordingly, are in full force and effect.

**A. Chapter 11 Filing**

**WHEREAS**, the Board of Directors considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the effect of the foregoing on the Company's business; and

**WHEREAS**, the Board of Directors has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

**NOW, THEREFORE, IT IS**

**RESOLVED**, that in the judgment of the Board of Directors it is desirable and in the best interests of the Company to appoint Alan D. Holtz from AP SERVICES, LLC as chief restructuring officer (the "Chief Restructuring Officer") of the Company; and it is further

**RESOLVED**, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and it is further

**RESOLVED**, that any officer of the Company and the Chief Restructuring Officer (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and it is further

**RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to certify the authenticity of these resolutions.

## B.  Retention of Professionals

**IT IS FURTHER RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of DLA PIPER LLP (US) as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of DLA PIPER LLP (US); and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of AP SERVICES, LLC to represent and assist the Chief Restructuring Officer and the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of AP SERVICES, LLC; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of GUGGENHEIM SECURITIES LLC as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of GUGGENHEIM SECURITIES LLC; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of PRIME CLERK LLC as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of PRIME CLERK LLC; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of FINSBURY LLC as strategic communications consultant to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of FINSBURY LLC; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case.

## C. Cash Collateral and Adequate Protection

**RESOLVED**, that the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Collateral"), which is security for the prepetition secured lenders (collectively, the "Prepetition Secured Lenders") party to:

> (a) that certain credit agreement dated as of June 28, 2013 (as amended, modified, or supplemented and in effect immediately prior to the Petition Date, the "Credit Agreement"), among Appvion, Inc., as borrower, Paperweight Development Corp., as Holdings, Jefferies Finance LLC, as Administrative Agent, and Fifth Third Bank, as Joint Lead Arranger, Joint Book Runner and Syndication Agent and Keybank National Association as Joint Lead Arranger, Joint Book Runner and Documentation Agent; and

> (b) that certain indenture dated as of November 19, 2013 for the 9.000% Second Lien Senior Secured Notes due 2020, among Appvion, Inc. as Issuer, the guarantors named therein and U.S. Bank National Association, as Trustee and Collateral Agent (the "Indenture"); and it is further

**RESOLVED**, that in order to use and obtain the benefits of the Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Prepetition Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Cash Collateral Order") and submitted for approval to the Bankruptcy Court; and it is further

**RESOLVED**, that the form, terms and provisions of the Cash Collateral Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted and approved, and each of the Authorized Officers of the Company be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or

documents to which the Company is or will be a party (collectively with the Cash Collateral Order, the "Cash Collateral Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board of Directors, with such changes, additions and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is further

RESOLVED, that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations (as set forth in the Cash Collateral Order) and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents (collectively, the "Adequate Protection Transactions"); and it is further

RESOLVED, that the Authorized Officers of the Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the Cash Collateral Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, any amendments to any Cash Collateral Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent; and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the Cash Collateral Documents or any other Adequate Protection Document; and it is further

RESOLVED, that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to file or to authorize the Agent to file any Uniform Commercial Code (the "UCC") financing statements, any mortgages, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the Cash Collateral Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the Agent may reasonably request to perfect the security interests of the Agent under the Cash Collateral Order; and it is further

RESOLVED, that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in

connection with the Cash Collateral Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is further

**RESOLVED**, that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Cash Collateral Order or any of the Adequate Protection Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

### D.  Debtor-in-Possession Financing

**IT IS FURTHER RESOLVED**, that the Company, as debtor and debtor in possession under the Chapter 11 Cases shall be, and hereby is, authorized by the Board of Directors to: (a) undertake any and all transactions contemplated in the Superpriority Senior Debtor-in-Possession Credit Agreement (the "DIP Credit Agreement") by and among Appvion, Inc. as the Borrower, Paperweight Development Corp., as Holdings, Wilmington Trust, National Association, as Administrative Agent, the other lenders party thereto and PJT Partners LP, as Sole Lead Arranger, on substantially the terms and subject to the conditions described to the Board of Directors and as set forth in the DIP Credit Agreement or as may hereafter be fixed or authorized by each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers; (b) borrow funds from, provide guaranties to and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions" and each such transaction a "Financing Transaction") with such Lenders and on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the continuing conduct of the affairs of the Company; (c) execute and deliver and cause the Company to incur and perform its obligations under the DIP Credit Agreement and Financing Transactions; (d) finalize the DIP Credit Agreement and Financing Transactions, consistent in all material respects with those that have been presented to and reviewed by the Board of Directors; and (e) pay related fees and grant security interests in and liens upon some, any or all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Officers in connection with such Financing Transactions; and it is further

**RESOLVED**, that each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Company to incur and perform its obligations under the DIP Credit Agreement and the other "Loan Documents" (as defined in the DIP Credit Agreement) (collectively, the "DIP Loan Documents"), and all other agreements, instruments and documents (including, without limitation, any and all other intercreditor agreement, joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements, interest rate swaps, caps, collars or similar hedging agreement and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral, letters of credit or other credit support with proceeds from the DIP Credit Agreement) or any amendments

thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Loan Documents) that may be contemplated by, or required in connection with, the DIP Credit Agreement, the other DIP Loan Documents and the Financing Transactions (collectively, the "DIP Financing Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Credit Agreement and the other DIP Loan Documents, which determination shall be conclusively evidenced by his or her execution or delivery thereof; and it is further

**RESOLVED**, that the form, terms and provisions of the DIP Credit Agreement and each of the other DIP Loan Documents to which the Company is a party be, and the same hereby are in all respects approved, and that any Authorized Officers or other officers of the Company are hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver and to execute and file the DIP Credit Agreement and each of the DIP Loan Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board of Directors, with such changes, additions and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is further

**RESOLVED**, that the Authorized Officers and each other officer of the Company be, and each of them hereby are, authorized and empowered to authorize Wilmington Trust, National Association, as administrative agent under the Superpriority Senior Debtor-in-Possession Credit Agreement (the "DIP Agent") to file any UCC financing statements and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent on behalf of itself and the other secured parties under the DIP Loan Documents; and it is further

**RESOLVED**, that each of the Authorized Officers be, and hereby are, authorized and empowered, in consultation with the Board of Directors, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the other DIP Loan Documents or any of the other DIP Financing Documents, and to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by his or her execution thereof; it is further

**RESOLVED**, that the Company will obtain benefits from the incurrence of the loans and letters of credit under the DIP Credit Agreement by the Borrower and the occurrence and consummation of the Financing Transactions under the DIP Credit Agreement and the DIP Loan Documents and the transactions under the DIP Financing Documents, which are necessary and

appropriate to the conduct, promotion and attainment of the business of the Company; and it is further

**RESOLVED**, that the Commitment Letter and Fee Letter, each dated as of the date presented to the Board of Directors, among the Joint Lead Arrangers (as defined therein) and the Company and any other documents or agreements executed in connection therewith are hereby in all respects approved and ratified as the true acts and deeds of the Company and the forms, terms and provisions and the Authorized Officers' execution of the same are in all respects approved and authorized; and it is further

**RESOLVED**, that the capitalized terms used in the resolutions under the caption "Debtor-in-Possession Financing" and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement.

### E.  General

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is further

**RESOLVED**, that all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and it is further

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board of Directors; and it is further

**RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the transactions contemplated herein; and it is further

**RESOLVED**, that the Secretary of the Company is hereby authorized, empowered and directed to certify that the foregoing resolutions of the Board of Directors of the Company were duly consented to and adopted as of the date hereof.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, the undersigned has executed this Secretary's Certificate of Resolutions of the Board of Directors of Appvion, Inc. as of the 1st day of October 2017.

/s/ Tami L. Van Straten
Tami L. Van Straten
Senior Vice President Administration, General Counsel & Secretary,
Appvion, Inc.

*Signature Page to Secretary's Certificate of Resolutions of the Board of Directors of Appvion, Inc.*

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case:</b></td></tr>
</table>

Debtor name  Appvion, Inc.

United States Bankruptcy Court for the: District of Delaware
                                        (State)

Case number (if known): _____

☐ Check if this is
   an amended
   filing

<u>Official Form 204</u>

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | US BANK NATIONAL ASSOCIATION<br><br>AS AGENT FOR SECOND LIEN NOTEHOLDERS | US BANK NATIONAL ASSOCIATION 1555 NORTH RIVERCENTER DRIVE, SUITE 203 MILWAUKEE, WI 53212 PHONE: \|FAX:  414-905-5049 | Noteholders | U | | | $257,500,000.00 |
| 2 | PENSION BENEFIT GUARANTY CORPORATION | PENSION BENEFIT GUARANTY CORPORATION OFFICE OF THE CHIEF COUNSEL 1200 K STREET NW WASHINGTON, DC 20005-4026 PHONE: - FAX: - | Pension Plan | C, U | | | Unliquidated |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 3  PACE INDUSTRY UNION- MANAGEMENT PENSION FUND | 3320 PERIMETER HILL DRIVE NASHVILLE, TN 37211-4123 PHONE:  615-333-6343 FAX: - | Pension Plan | C, U | | | Unliquidated |
| 4  DOMTAR INC | DOMTAR INC 100 KINGSLEY PARK DR FT MILL, SC 29715 PHONE:  803-802-8014 FAX:  803-802-8019 | Trade Payable | | | | $6,094,131.11 |
| 5  GRANWELL PRODUCTS | GRANWELL PRODUCTS 185 FAIRFIELD AVE - STE 2B WEST CALDWELL, NJ 07006 PHONE:  330-722-2537 FAX: -- | Trade Payable | | | | $1,212,650.47 |
| 6  GP CELLULOSE AMERICA MARKETING LLC | GP CELLULOSE AMERICA MARKETING LLC 133 PEACHTREE ST NE - 12 FL ATLANTA, GA 30303 PHONE:  -- FAX:  -- | Trade Payable | | | | $728,621.89 |
| 7  UNIVERSAL FORWARDING OVERSEAS | UNIVERSAL FORWARDING OVERSEAS PO BOX 2757 APPLETON, WI 54912 PHONE:  920-731-0822 FAX:  -- | Trade Payable | | | | $632,233.23 |
| 8  YUPO CORP | YUPO CORP 800 YUPO CT CHESAPEAKE, VA 23320 PHONE:  888-873-9876 FAX:  -- | Trade Payable | | | | $564,371.01 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | ENCAPSYS,LLC | ENCAPSYS,LLC 1401 N RANKIN ST APPLETON, WI 54911 PHONE: -- FAX: -- | Trade Payable | | | | $433,344.54 |
| 10 | THE DOW CHEMICAL CO / ROHM & HAAS | THE DOW CHEMICAL CO / ROHM & HAAS PO BOX 741801 ATLANTA, GA PHONE: 866-871-9767 FAX: -- | Trade Payable | | | | $374,241.75 |
| 11 | APPLIED INDUSTRIAL TECHNOLOGIES | APPLIED INDUSTRIAL TECHNOLOGIES 2400 N SANDRA ST PO BOX 297 APPLETON, WI 54912 PHONE: 920-739-5351 FAX: 920-739-8453 | Trade Payable | | | | $343,535.28 |
| 12 | MARUBENI SPECIALTY CHEMICALS INC | MARUBENI SPECIALTY CHEMICALS INC 10 BANK ST WHITE PLAINS, NY 10606 PHONE: 914-428-8597 FAX: 914-428-8859 | Trade Payable | | | | $329,201.62 |
| 13 | THIELE KAOLIN CO | THIELE KAOLIN CO 520 KAOLIN RD PO BOX 1056 SANDERSVILLE, GA 31082 PHONE: 877-544-3322 FAX: -- | Trade Payable | | | | $307,413.26 |
| 14 | BASF CATALYSTS LLC | BASF CATALYSTS LLC 100 CAMPUS DR FLORHAM PARK, NJ 07932 PHONE: 800-346-8590 FAX: -- | Trade Payable | | | | $296,276.11 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | AMERICAN INTL CHEMICAL INC | AMERICAN INTL CHEMICAL INC 135 NEWBURY ST FRAMINGHAM, MA 01701 PHONE: 800-238-0001 FAX: -- | Trade Payable | | | | $262,218.00 |
| 16 | VALMET INC | VALMET INC 1280 WILLOWBROOK RD BELOIT, WI PHONE: 608-365-3319 FAX: 608-364-2502 | Trade Payable | | | | $262,042.30 |
| 17 | OMYA INC | OMYA INC 61 MAIN ST PROCTOR, VT 05765 PHONE: 800-451-6110 FAX: 802-459-3629 | Trade Payable | | | | $258,432.27 |
| 18 | PRECISION ROLL GRINDERS INC | PRECISION ROLL GRINDERS INC 6356 CHAPMANS RD ALLENTOWN, PA 18106 PHONE: 610-395-6966 FAX: 610-481-9130 | Trade Payable | | | | $256,338.99 |
| 19 | DUREZ CORP | DUREZ CORP 46820 MAGELLAN DR - STE C NOVI, MI 48377 PHONE: 248-313-7030 FAX: -- | Trade Payable | | | | $240,071.94 |
| 20 | UNIVAR USA INC | UNIVAR USA INC PO BOX 430 ALTOONA, PA 16603 PHONE: 814-944-2006 FAX: 814-944-7124 | Trade Payable | | | | $232,751.11 |
| 21 | KURARAY AMERICA INC | KURARAY AMERICA INC 2625 BAY AREA BLVD STE 600 HOUSTON, TX PHONE: 800-423-9762 FAX: -- | Trade Payable | | | | $225,195.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | RR DONNELLEY | RR DONNELLEY 24226 NETWORK PL CHICAGO, IL PHONE: -- FAX: -- | Trade Payable | | | | $201,313.20 |
| 23 | CENVEO | CENVEO LOCKBOX 773172 3172 SOLUTIONS CTR CHICAGO, IL PHONE: -- FAX: -- | Trade Payable | | | | $190,336.85 |
| 24 | COGNIZANT TECHNOLOGY SOLUTIONS US CORP | COGNIZANT TECHNOLOGY SOLUTIONS US CORP 24721 NETWORK PL CHICAGO, IL PHONE: 201-678-3200 FAX: -- | Trade Payable | | | | $185,115.00 |
| 25 | SOLENIS LLC | SOLENIS LLC 500 HERCULES RD WILMINGTON, DE 19808 PHONE: -- FAX: -- | Trade Payable | | | | $182,648.22 |
| 26 | INGREDION INC | INGREDION INC 5 WESTBROOK CORPORATE CTR WESTCHESTER, IL 60154 PHONE: 800-553-7294 FAX: -- | Trade Payable | | | | $172,676.06 |
| 27 | RFI RESOURCES LLC | RFI RESOURCES LLC 555 PHILADELPHIA ST INDIANA, PA 15701 PHONE: -- FAX: -- | Trade Payable | | | | $170,290.81 |
| 28 | RESOLUTE FOREST PRODUCTS | RESOLUTE FOREST PRODUCTS 14726 COLLECTIONS CENTER DR CHICAGO, IL 60693 PHONE: 803-817-4662 FAX: -- | Trade Payable | | | | $163,430.81 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 FIBRE SOURCE INTL CORP - NET 30 | FIBRE SOURCE INTL CORP - NET 30237 W 35 ST - FL 17NEW YORK, NY 10001 PHONE:  212-867-3990 FAX: | Trade Payable | | | | $151,446.10 |
| 30 SUMITOMO CORP OF AMERICA | SUMITOMO CORP OF AMERICA 300 MADISON AVE NEW YORK, NY 10017 PHONE:  212-207-0379 FAX: -- | Trade Payable | | | | $150,794.64 |
| 31 TWIN EAGLE RESOURCE MANAGEMENT LLC | TWIN EAGLE RESOURCE MANAGEMENT LLC 75 REMITTANCE DR DEPT 3251 CHICAGO, IL PHONE: 920-831-2525 FAX: -- | Trade Payable | | | | $150,000.00 |
| 32 CONSTELLATION | CONSTELLATION PO BOX 19046 GREENBAY, WI PHONE: -- FAX: -- | Trade Payable | | | | $135,934.04 |
| 33 TRANSPORT SERVICE CO | TRANSPORT SERVICE CO A SUBSIDIARY OF KENAN ADVANTAGE GROUP IN PO BOX 72261 CLEVELAND, OH PHONE: -- FAX: -- | Trade Payable | | | | $132,344.41 |
| 34 VOITH PAPER | VOITH PAPER 2200 N ROEMER RD PO BOX 2337 APPLETON, WI PHONE:  920-358-2215 FAX: -- | Trade Payable | | | | $126,611.70 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 35 | OSCAR J BOLDT CONST/ BOLDT BUILDS | OSCAR J BOLDT CONST/ BOLDT BUILDS 2525 N ROEMER RD PO BOX 419 APPLETON, WI 54912 PHONE: 920-739-6321 FAX: 920-739-4409 | Trade Payable | | | | $122,451.85 |
| 36 | CHEMTRADE ELECTROCHEM U.S. INC. | CHEMTRADE ELECTROCHEM U.S. INC. 1444 4TH AVE SW - STE 2100 CALGARY, AB PHONE: -- FAX: -- | Trade Payable | | | | $121,514.18 |
| 37 | TRINSEO LLC | TRINSEO LLC 233 E LARKIN ST MIDLAND, MI 48640 PHONE: 989-832-4617 FAX: -- | Trade Payable | | | | $116,281.11 |
| 38 | MENASHA PACKAGING CO LLC | MENASHA PACKAGING CO LLC 1111 N RANKIN ST APPLETON, WI 54911 PHONE: -- FAX: -- | Trade Payable | | | | $114,878.53 |
| 39 | HONEYWELL PROCESS SOLUTIONS | HONEYWELL PROCESS SOLUTIONS 207 LARRABEE RD WESTBROOK, ME 04092 PHONE: 207-854-0013 FAX: 207-854-0216 | Trade Payable | | | | $109,733.59 |
| 40 | PAPER MANUFACTURERS CO | PAPER MANUFACTURERS CO ATTN: GENE DUSSICH 9220 GLADES DR FAIRFIELD, OH 45011 PHONE: -- FAX: -- | Trade Payable | | | | $105,453.91 |

Fill in this information to identify the case and this filing:

Debtor Name __Appvion, Inc.__

United States Bankruptcy Court for the: __District of Delaware__
(State)

Case number (*If known*):_____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ *Amended Schedule _____*

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐ *Other document that requires a declaration _____*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __10/01/2017__          x _____
MM / DD / YYYY          Signature of individual signing on behalf of debtor

Alan D. Holtz
Printed name
Chief Restructuring Officer
Position or relationship to debtor

EAST\145889352.3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------------x
                                              :
In re:                                        :  Chapter 11
                                              :
     APPVION, INC., et al.,¹                  :  Case No. 17-_____ (___)
                                              :
          Debtors.                            :  (Joint Administration Requested)
-----------------------------------------------------------------x
```

### CORPORATE OWNERSHIP STATEMENT (RULE 1007(a)(1))

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, Appvion, Inc. hereby certifies that Paperweight Development Corp. owns 100% of the common stock of Appvion, Inc.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Appvion, Inc. (6469), Paperweight Development Corp. (4992), PDC Capital Corporation (1197), Appvion Receivables Funding I LLC (9218), APVN Holdings LLC (8543) and Appvion Global Netherlands Cooperatief UA (8258). The corporate headquarters and the mailing address for the Debtors listed above is 825 East Wisconsin Avenue, P.O. Box 359, Appleton, Wisconsin.

Fill in this information to identify the case and this filing:

Debtor Name   **Appvion, Inc.**

United States Bankruptcy Court for the:   **District of Delaware**
(State)

Case number (*If known*):

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

Schedule H: Codebtors (Official Form 206H)

Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

Amended Schedule _____

Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

✗   Other document that requires a declaration Statement of Corporate Ownership

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   10/01/2017
MM / DD / YYYY

x _____
Signature of individual signing on behalf of debtor
Alan D. Holtz
Printed name

Chief Restructuring Officer
Position or relationship to debtor

EAST\145889352.3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
                                      :
In re:                                :  Chapter 11
                                      :
        APPVION, INC., et al.,¹       :  Case No. 17-_____  (___)
                                      :
              Debtors.                :  (Joint Administration Requested)
-------------------------------------------------------------x
```

## LIST OF EQUITY SECURITY HOLDERS (RULE 1007(A)(3))

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(3), Appvion, Inc., as one of the above-captioned debtors and debtors in possession, hereby provides the following list of holders of membership interests:

| Name and Address of Interest Holder | Percentage of Interests Held |
|---|---|
| Paperweight Development Corp.825 East Wisconsin Avenue Appleton, Wisconsin 54912 | 100% |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Appvion, Inc. (6469), Paperweight Development Corp. (4992), PDC Capital Corporation (1197), Appvion Receivables Funding I LLC (9218), APVN Holdings LLC (8543) and Appvion Global Netherlands Cooperatief UA (8258). The corporate headquarters and the mailing address for the Debtors listed above is 825 East Wisconsin Avenue, P.O. Box 359, Appleton, Wisconsin.

Fill in this information to identify the case and this filing:

Debtor Name  **Appvion, Inc.**

United States Bankruptcy Court for the: **District of Delaware**
(State)

Case number (*If known*):

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

Schedule H: Codebtors (Official Form 206H)

Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

Amended Schedule _____

Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒   Other document that requires a declaration  List of Equity Security Holders _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___10/01/2017___          ✗ _____
MM / DD / YYYY                              Signature of individual signing on behalf of debtor

Alan D. Holtz _____
Printed name

Chief Restructuring Officer _____
Position or relationship to debtor

EAST\145889352.3