## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| APPVION, INC., *et al.*,[1] | ) Case No. 17-12082 (KJC) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) **Hearing Date:  October 30, 2017 at 2:00 p.m.** |

**RESPONSE OF FIFTH THIRD BANK (A) IN SUPPORT OF ENTRY OF FINAL ORDER APPROVING DEBTOR-IN-POSSESSION FINANCING [DOCKET NO. 17] BASED UPON CURRENT TERMS AND PROVISIONS OF DIP FACILITY AND (B) SETTING FORTH RESERVATION OF RIGHTS IF SUCH DIP FINANCING IS MODIFIED IN ANY WAY ADVERSE TO FIFTH THIRD BANKS' INTERESTS**

FIFTH THIRD BANK ("**Fifth Third**"), by and through its undersigned counsel, hereby submits this response to that certain *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief*, dated October 2, 2017 [Docket No. 17] (the "**DIP Financing Motion**"),[2] filed by the above-referenced debtors and debtors-in-possession (collectively, the "**Debtors**"), both (a) to support the proposed DIP Financing Motion based upon, and which support is expressly conditioned upon, the current terms and provisions of the DIP Financing, and (b) to reserve the right of Fifth Third to oppose the DIP Financing Motion if there is any modification to the terms and provisions of the DIP Financing that is adverse to Fifth Third's interests; and respectfully submits as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Appvion, Inc. (6469), Paperweight Development Corp. (4992), PDC Capital Corporation (1197), Appvion Receivables Funding I LLC (9218), APVN Holdings LLC (8543) and Appvion Global Netherlands Cooperatief UA (8258).  The corporate headquarters and the mailing address for the Debtors listed above is 825 East Wisconsin Avenue, P.O. Box 359, Appleton, Wisconsin 54912.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Financing Motion.

## BACKGROUND

1.      On October 1, 2017 (the "**Petition Date**"), the Debtors commenced these bankruptcy cases (the "**Bankruptcy Cases**") by filing with this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

2.      On October 11, 2017, an official committee of unsecured creditors (the "**Creditors' Committee**") was appointed by the United States Trustee. *See* Docket No. 97.

3.      This Court approved on an interim basis financing under the DIP Financing Motion on October 3, 2017 [Docket No. 66] (the "**Interim DIP Financing Order**").

4.      As set forth in the DIP Financing Motion, as of the Petition Date, approximately $253.3 million was outstanding under the Prepetition First Lien Credit Agreement, which obligations as of the Petition Date were supported by first priority security interests against the Debtors' assets.  In addition, there is approximately $250 million of second lien debt outstanding against the Debtors.

5.      Fifth Third is the Prepetition First Lien Revolver Agent, a Prepetition First Lien Lender and the issuer of letters of credit and a Hedge Bank (as defined in the DIP Facility Agreement) under the Prepetition First Lien Credit Agreement.

A.      **PRIMING OF PREPETITION FIRST LIEN LENDERS UNDER DIP FACILITY**

6.      Pursuant to the terms of the proposed DIP Facility, the Debtors are seeking a limited priming of the first lien security interests held for the benefit of the Prepetition First Lien Lenders under the Prepetition First Lien Credit Agreement.  *See* Interim DIP Financing Order, §F(viii).  Specifically, to the extent that any Prepetition First Lien Lender is not a new money lender under the DIP Facility Agreement, then such Prepetition First Lien Lender would be

primed under the terms of the DIP Facility Agreement during the pendency of these Bankruptcy Cases to the extent provided under Section 8.02(a) of the DIP Facility Agreement. *See* DIP Facility Agreement, § 8.02(a).

**B.     LIMITATIONS UPON PRIMING AND PROTECTIONS OF PREPETITION FIRST LIEN LENDERS, INCLUDING FIFTH THIRD, PROVIDED UNDER TERMS OF DIP FACILITY**

7.     Under the terms of the proposed DIP Financing, the Debtors and the DIP Lenders have agreed to several limitations and protections for the benefit of the Prepetition First Lien Lenders who are to be primed to the extent provided under the terms of the DIP Financing (which protective terms and provisions, as set forth in the proposed Final Order, the DIP Facility Agreement and as agreed upon by the DIP Lenders and the Debtors (to be set forth in updates to the DIP Financing documents to be filed prior to the hearing on this matter), are collectively referred to herein as the "**Priming Protections**"), which include the following terms:

a.     ***Roll-Up Loans:***  Although Prepetition First Lien Lenders who are not new money lenders are having their obligations primed during the pendency of these cases to the extent provided under Section 8.02(a) of the DIP Facility Agreement, their loans and obligations are being rolled-up into the DIP Facility as Term Loans thereunder.[3]

b.     ***Adequate Protection Payments and Protections:***  The Debtors are proposing to provide the Prepetition First Lien Lenders with adequate protection through*, inter alia,* (a) the timely payment of various amounts due and payable under the terms of the Prepetition First Lien Credit Agreement and related transaction documents, (b) the Senior Adequate Protection Liens, and (c) the Senior Adequate Protection Superpriority Claims.[4]

c.     ***Cash Collateralization of Outstanding Letters of Credit:***  Although the Debtors are not rolling-up the outstanding letters of credit under the Prepetition First Lien Credit Agreement into the DIP Facility, they have agreed to cash collateralize (and otherwise to pay) in an amount sufficient to cover any letters of credit and any interest, fees and other obligations accruing thereon.  The Debtors and the DIP Lenders have also agreed to update Schedule 1.01(b) [outstanding letters of

---

[3]      *See* Interim DIP Financing Order, § 5 and associated provisions of proposed Final Order; DIP Facility Agreement, §2.01(c).

[4]      *See* Interim DIP Financing Order, §§ F(ix), 14-16 and associated provisions of proposed Final Order.

credit] of the DIP Facility Agreement to accurately reflect all outstanding letters of credit under the Prepetition First Lien Credit Agreement, which revisions to such schedule are needed to ensure that the outstanding letters of credit are accurately treated under the terms of the Final Order and the DIP Facility Agreement.[5]

d.    ***Hedge Obligations:***  Under the proposed DIP Facility, the Debtors and the DIP Lenders have agreed that the Debtors will keep current on all obligations arising under their hedge agreements with Fifth Third.  The Debtors and the DIP Lenders have also agreed to update Schedule 1.01(a) [Existing Hedge Agreements] of the DIP Facility Agreement to accurately reflect their current hedge obligations under the Prepetition First Lien Credit Agreement, which revisions to such schedule are needed to ensure that such hedge obligations are appropriately treated as DIP Obligations under the terms of (and as defined in) the Final Order and under the DIP Facility Agreement.[6]

e.    ***Limitation on Duration of Priming of Prepetition First Lien Lenders:***  Under the proposed DIP Facility, the Prepetition First Lien Lenders' loan obligation (to the extent such lenders are not NM Lenders) are to be primed only if there is a liquidation of the Debtors during the course of these Bankruptcy Cases.  The Debtors and the DIP Lenders have agreed that such priming will cease upon the Debtors' emergence from the Bankruptcy Cases, including pursuant to any refinancing of the DIP Facility through an exit facility or upon an emergence under any chapter 11 plan confirmed in these Bankruptcy Cases.[7]

Collectively, these Priming Protections are integral to Fifth Third's support and consent to the limited priming contemplated under the proposed DIP Financing.

**I.    FIFTH THIRD'S SUPPORT OF PROPOSED DIP FINANCING BASED AND CONDITIONED UPON PROPOSED TERMS OF DIP FINANCING AGREEMENT AND THE PRIMING PROTECTIONS CONTAINED THEREIN**

8.    Firth Third hereby submits this statement in support of the proposed DIP Financing.  Fifth Third's support of, and its consent to the limited priming of the Prepetition First Lien Lenders provided under the terms of, the DIP Financing are expressly based upon, and conditioned upon (a) the DIP Facility including the Priming Protections afforded to Fifth Third

---

[5]    *See* Interim DIP Financing Order, §§ 6 & 9 and associated provisions of proposed Final Order.

[6]    *See* Interim DIP Financing Order, § 9 and associated provisions of proposed Final Order.

[7]    This term is being added as a new § 8.02(b) of the DIP Facility Agreement.

4

and other Prepetition First Lien Lenders, (b) the Debtors and DIP Lenders modifying schedules 1.01(a) and (b) to the DIP Facility Agreement to accurately reflect the outstanding letters of credit and the existing hedge agreements,  and (c) the DIP Facility not otherwise being revised in a manner that is adverse to the interests of Fifth Third.

## II.    RESERVATION OF RIGHTS TO EXTENT THAT PRIMING PROTECTIONS ARE MODIFIED OR NOT INCLUDED IN DIP FACILITY OR DIP FACILITY IS OTHERWISE MODIFIED ADVERSELY TO FIFTH THIRD'S INTERESTS

9.    Fifth Third hereby reserves its rights to withdraw its support of the DIP Financing Motion to the extent that the DIP Facility does not include, in whole or in part, the Priming Protections proffered to it and/or the DIP Facility is amended or altered in any way that adversely affects Fifth Third's interests.  In such circumstances, Fifth Third respectfully reserves its right to take one or more of the following actions:  (a) to withdraw its support for the DIP Financing Motion, (b) to request an adjournment of the hearing on the DIP Financing Motion so that it can (i) litigate the propriety of any adverse adjustments to the DIP Facility and/or (ii) explore whether to become a new money lender under the DIP Facility, (c) to withdraw its consent to and to contest the priming of its first priority liens pursuant to Bankruptcy Code Section 364(d) and/or (d) to take other actions to protect its rights and interests as a result of such changes or modifications to the proposed DIP Facility.  Fifth Third hereby fully reserves its right to file a responsive brief and/or undertake other actions as may be prudent or reasonable to protect its interests based upon any modifications or adjustments to the proposed DIP Facility.

Subject to the foregoing reservations of rights, Fifth Third fully supports the Debtors' request for entry of a final order approving the DIP Financing Motion based upon the current terms and provisions of the proposed DIP Facility.

IMPAC 5505139v.1

WHEREFORE, subject to the foregoing reservation of rights, Fifth Third fully supports the entry of a final order (a) approving the currently proposed DIP Facility and (b) granting such other relief as this Court may deem appropriate.

Dated:  October 25, 2016
        Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*/s/ Jeremy W. Ryan*
Jeremy W. Ryan (DE Bar No. 4057)
R. Stephen McNeill (DE Bar No. 5210)
D. Ryan Slaugh (DE Bar No. 6325)
1313 North Market Street, Sixth Floor
P.O. Box 951
Wilmington, DE  19899-0951
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192
Email:  jryan@potteranderson.com
        rmcneill@potteranderson.com
        rslaugh@potteranderson.com

-and-

**VEDDER PRICE P.C.**
Michael M. Eidelman, Esq.
222 North LaSalle Street
Chicago, IL  60601
Telephone:  (312) 609-7500
Facsimile:  (312) 609-5005
Email:  meidelman@vedderprice.com

-and-

**VEDDER PRICE P.C.**
Michael J. Edelman, Esq.
1633 Broadway, 31st Floor
New York, NY  10019
Telephone:  (212) 407-7700
Facsimile:  (212) 407-7799
Email:  mjedelman@vedderprice.com

*Counsel to Fifth Third Bank*