IN THE UNITED STATED BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Case No. 17-12082 (KJC) |
| ) | |
| **OLDAPCO, INC., et. al.,** 1 ) | Chapter 11 |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | Related D.I. No(s).: 1024 |

## ORDER APPROVING THE STIPULATION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362 TO PURSUE STATE COURT ACTION TO THE EXTENT OF AVAILABLE INSURANCE

The Court, having considered the *Stipulation for Relief from Automatic Stay Under 11 U.S.C. Section 362 to Pursue State Court Action to the Extent of Available Insurance* (hereinafter referred to as the "Stipulation")2, approves the Stipulation as agreed to between the Debtors and Sharon Jennings, Jill Bucaloy and William Scott Jennings, their respective heirs and personal representatives (hereinafter collectively referred to as the "Plaintiffs"), a copy of which is attached hereto as Exhibit 1; and upon consideration of the Stipulation; and the Court having determined that the Stipulation is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*

---

1 The Debtors in these Chapter 11 cases, along the last four digits of each Debtor's federal tax identification number are: Oldapco, Inc. (f/k/a Appvion, Inc.) (6469), Oldapco PDC Corp. )f/k/a Paperweight Development Corp.) (4992), Oldapco PDC Cap Corp. (f/k/a PDC Capital Corporation) (1197), Oldapco ARFI LLC (f/k/a Appvion Receivables Funding I LLC) (9218), and Oldpapco APVN LLC (f/k/a APVN Holdings LLC) (8543). The corporate headquarters and the mailing address for the Debtors listed above is 825 East Wisconsin Avenue, P.O. Box 359, Appleton, Wisconsin 54912.

2 Capitalized terms used but not defined herein shall have the meaning given to them in the Stipulation.

from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) venue is proper in this district pursuant to 29 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Stipulation was adequate and appropriate under the particular circumstances; and the Court having reviewed the Stipulation and having considered the statements of counsel with respect to the Stipulation at the hearing, if any; and that the legal and factual bases set forth in the Certification of Counsel establish just cause for the relief granted in this Order; and any objections to the requested relief having been withdrawn or overruled; and after due deliberation, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Stipulation attached as <u>Exhibit 1</u> to this Order is hereby approved in its entirety.

2. Section 362 (a) is hereby modified pursuant to Section 362(d)(1) of the Bankruptcy Code solely for the purpose of continuing the Litigation, establishing the liability of the Debtors (and its affiliated entities) for asbestos related personal injury and wrongful death claims, if any, and liquidating Plaintiffs' claims in the Litigation.

3. Each of the Plaintiffs may proceed in the applicable non-bankruptcy forum to final judgment (including any appeals) in accordance with the applicable state law.

4. No recovery shall be made directly against the Debtors' property, property of the Debtors' estates, or the Debtors' successor and assigns, including any trust created in accordance with the Plan.

5. Neither this Order or the Stipulation, nor any actions taken pursuant hereto, shall affect the rights of Debtors, or their insurers, to assert any defenses to claims or any

other action or proceeding other than to enforce the terms of this Order and Stipulation.

6. Notwithstanding any other terms or provision contained herein, this Order and Stipulation is without prejudice to any of the rights, claims, or defenses of Debtors' insurers under any of the insurance policies under applicable state law, all of which are expressly reserved.

7. Proof of Claim No. 411 is hereby withdrawn and expunged.

8. The fourteen (14) day stay provision of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived so that each of the Plaintiffs may immediately enforce and implement this Stipulation and Order granting relief from the automatic stay.

9. The Debtors are hereby authorized and directed to take any and all actions required under the Stipulation, and all such actions as are reasonably necessary to effectuate the terms of the Stipulation.

10. This Court retains jurisdiction to enforce this Order, including with respect to all disputes and all other matters arising from or relating to the implementation or interpretation of this Order.

Dated: Sept 13, 2018
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE