## __EXHIBIT A__

**Disclosure Statement Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1] | ) Case No. 25-10475 (TMH) |
|  | ) |
|  | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) **Ref. Docket No. ___** |
|  | ) |

## ORDER (I) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT, (II) SCHEDULING THE COMBINED HEARING, (III) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF PLAN AND FINAL APPROVAL OF ADEQUACY OF DISCLOSURES, (IV) ESTABLISHING SOLICITATION, VOTING, AND RELATED PROCEDURES, (V) APPROVING RELATED DATES, DEADLINES, AND PROCEDURES, AND (VI) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (a) conditionally approving the Disclosure Statement for solicitation purposes only, (b) scheduling the Combined Hearing, (c) approving the procedures with respect to confirmation of the Plan and final approval of adequacy of the Disclosure Statement, including the procedures for filing objections thereto, the form and manner of the Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, and the form and manner of the Notice of Non-Voting Package, substantially in the forms attached hereto as **Exhibits 3-A** and **3-B**, (d) approving the solicitation, voting, and

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

tabulation procedures for the Plan, including, among other things, the form of Ballots, substantially in the forms attached hereto as **Exhibits 2-A** through **2-B**, (e) approving related dates, deadlines, and procedures, and (f) granting related relief, each as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

     **IT IS FOUND AND DETERMINED THAT:**

     1.    **Notice of Combined Hearing and Confirmation Objection Deadline**. The procedures set forth in the Motion regarding notice to all parties of the time, date, and place of the hearing to consider confirmation of the Plan and final approval of the adequacy of the Disclosure Statement (the "Combined Hearing"), including the Combined Hearing Notice substantially in the

form attached hereto as **Exhibit 1**, and for filing objections or responses to the Plan or the final approval of the Disclosure Statement, provide due, proper, and adequate notice, comport with due process, and comply with Bankruptcy Rules 2002 and 3017 and Local Rules 3017-2 and 9006-1. No further notice is required.

2.      **Balloting and Voting Procedures**. The procedures set forth in the Motion for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

3.      **Ballots**. The ballots, substantially in the forms annexed hereto as **Exhibits 2-A** and **2-B** (collectively, the "Ballots"), including all voting instructions provided therein, are consistent with Official Bankruptcy Form No. B 314, address the particular needs of these chapter 11 cases, and provide adequate information and instructions for each individual entitled to vote to accept or reject the Plan.  No further information or instructions are necessary.

4.      **Parties Entitled to Vote**. Pursuant to the Plan, Holders of Claims in Classes 3B and 4 are impaired under the Plan.  Accordingly, Holders of Claims in such classes are entitled to vote on account of such Claims.

5.      **Solicitation Packages**. The proposed distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1 and constitute sufficient notice to all interested parties of the Voting Record Date, Voting Deadline, Confirmation Objection Deadline, Combined Hearing, and other related matters.

6.      **Solicitation Period**. The period proposed by the Debtors in the Motion during which the Debtors may solicit votes to accept or reject the Plan is a reasonable and sufficient period of time for the Voting Classes to make an informed decision regarding whether to accept or reject the Plan and timely return Ballots evidencing such decision.

-3-

7.      **Parties Not Entitled to Vote**. Pursuant to the Plan, Holders of Claims in Classes 1, 2, 3A, 5, 6 and 7 are either (a) unimpaired under and, accordingly, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan and are not entitled to vote on account of such Claims, or (b) impaired under, and, accordingly, pursuant to section 1126(g) of the Bankruptcy Code, are deemed to reject, the Plan and are not entitled to vote on account of such Claims.  Accordingly, pursuant to sections 1126(f)-(g) of the Bankruptcy Code, those Holders are deemed to accept or reject the Plan and/or are otherwise not entitled to vote on account of such claims.

8.      **Notice of Non-Voting Package**. The Notice of Non-Voting Package, substantially in the forms attached hereto as **Exhibits 3-A** and **3-B**, complies with the Bankruptcy Code, applicable Bankruptcy Rules, and applicable Local Rules and provides adequate notice to creditors holding Impaired or Unimpaired Claims not in the Voting Classes of their non-voting status.

9.      **Notice**. All other notices to be provided pursuant to the procedures set forth in the Motion constitute good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Combined Hearing.  No further notice is required.

10.     **Relief is Warranted**. The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

**IT IS HEREBY ORDERED THAT:**

11.     The relief requested in the Motion is granted as set forth herein. The Disclosure Statement is conditionally approved as containing adequate information for solicitation purposes under sections 105 and 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2.

12.     The Disclosure Statement (including all applicable exhibits thereto) provides sufficient notice of the injunction, exculpation, and release provisions contained in Article XI of the Plan, in accordance with Bankruptcy Rule 3016(c).

13.     This Court shall conduct the Combined Hearing for (a) final approval of the Disclosure Statement as containing adequate information, and (b) confirmation of the Plan.  The Combined Hearing shall be held on [_____], [__], 2026 at [___]. (prevailing Eastern Time), as may be adjourned or continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court.

14.     The Confirmation Objection Deadline shall be March 24, 2026 at 4:00 p.m. (prevailing Eastern Time).  Objections to the Plan or final approval of the adequacy of the disclosures contained in the Disclosure Statement, if any, must (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, (d) state with particularity the legal and factual bases for the objection and the specific grounds therefor, (e) be filed with the Court, contemporaneously with a proof of service, by no later than the Confirmation Objection Deadline; and (f) be served in accordance with the Local Rules on the following parties (collectively, the "Confirmation Objection Notice Parties"): (a) the Debtors, Village Roadshow Entertainment Group USA Inc., 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA (Attn: Kevin Berg (kevin.berg@vreg.com) and Keith Maib (kmaib@accordion.com)); (b) counsel to the Debtors, Sheppard, Mullin, Richter & Hampton LLP, 321 North Clark Street, 32nd Floor, Chicago, IL 60654 (Attn.: Justin R. Bernbrock (jbernbrock@sheppardmullin.com), Jennifer L. Nassiri (jnassiri@sheppardmullin.com), Alyssa

Paddock (apaddock@sheppardmullin.com), and Matthew T. Benz (mbenz@sheppardmullin.com)), and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Rodney Square, Wilmington, DE 19801 (Attn.: Joseph M. Mulvihill (jmulvihill@ycst.com)); (c) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn.: Timothy Fox (timothy.fox@usdoj.gov)); and (d) counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, NY 10019 (Attn: Robert Feinstein (rfeinstein@pszjlaw.com) and Bradford Sandler (bsandler@pszjlaw.com)).

15.     Pursuant to Bankruptcy Rule 3020(b), if no objection is timely filed, this Court may determine that the Plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.

16.     Objections to confirmation of the Plan or final approval of the adequacy of the disclosures contained in the Disclosure Statement that are not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

17.     The Debtors are authorized to file and serve replies or an omnibus reply to any objections to confirmation of the Plan or final approval of the Disclosure Statement, memoranda of law in support of confirmation of the Plan or final approval of the Disclosure Statement, any affidavits or declarations in support of confirmation of the Plan (including the Voting Declaration) or final approval of the Disclosure Statement, and the proposed Confirmation Order, by April 3, 2026, at noon (prevailing Eastern Time) (or noon (prevailing Eastern Time) two (2) Business Days prior to the date of any adjourned Combined Hearing) (the "Confirmation Materials Deadline"). In addition, any party in interest may file and serve a statement in support of

confirmation of the Plan or final approval of the Disclosure Statement and/or a reply to any objections to confirmation of the Plan or final approval of the Disclosure Statement by the Confirmation Materials Deadline.

18.     The Combined Hearing Notice, in the form attached hereto as **Exhibit 1**, and Notice of Non-Voting Package, in the forms attached hereto as **Exhibits 3-A** and **3-B**, are hereby approved.

19.     In accordance with Bankruptcy Rule 2002, the Debtors shall serve the Combined Hearing Notice by first class mail on all parties in interest.

20.     The Publication Notice is hereby approved.  At least twenty-one (21) days prior to the Confirmation Objection Deadline, or as soon as reasonably practicable thereafter, the Debtors shall publish the Publication Notice in either the national edition of *The Wall Street Journal*, *The Los Angeles Times*, or such other media sources as they deem appropriate.

21.     The Voting Procedures are hereby approved.

22.     The Voting Record Date shall be February 18, 2026.

23.     The Transfer Procedures are hereby approved. With respect to any transferred Claim in the Voting Classes, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim only if all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e), if any, have been completed on or before the Voting Record Date.  In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote made on the Ballot by the transferor.

24.     The Voting Deadline shall be March 24, 2026, at 4:00 p.m. (prevailing Eastern Time).

25.     Any objections to Claims for voting purposes or requests to estimate a Claim for voting purposes shall be filed and served by no later than March 17, 2026 (or seven (7) days prior to the Voting Deadline).

26.     The Solicitation Date shall be no later than two business days following the date of entry of this Order, or as soon as reasonably practicable thereafter.

27.     The Solicitation Packages are approved.

28.     The Debtors shall serve the Solicitation Packages by first class mail only on the Holders of Claims in the Voting Classes no later than the Solicitation Date.  No other parties shall receive copies of the Plan, Disclosure Statement or the other materials contained in the Solicitation Packages unless such documents are requested in accordance with the procedures set forth in the Combined Hearing Notice.

29.     The Debtors shall be excused from distributing Solicitation Packages, Combined Hearing Notices, and/or Notice of Non-Voting Packages to those persons or entities listed at addresses for which previous mailings have been returned as undeliverable, unless the Debtors receive written notice of accurate addresses for such persons or entities prior to the Voting Record Date.  The Debtors and Verita are also not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including undeliverable Ballots), Combined Hearing Notices, or Notice of Non-Voting Package.

30.     Any Voting Class that contains Claims entitled to vote but for which no valid votes are returned to the Debtors shall be deemed to have accepted the Plan.

31.     The Ballots, in the forms attached as **Exhibits 2-A** through **2-B**, are hereby approved.

32.     The Tabulation Procedures are approved.

33.     The Debtors are authorized to make non-substantive and ministerial changes to the Combined Hearing Notice, Solicitation Package, Ballots, Notice of Non-Voting Package, Publication Notice, and related documents, without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Plan and any of such materials prior to their distribution.

34.     The terms of this Order shall be effective immediately upon its entry.

35.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

36.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

37.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT 1

## Combined Hearing Notice

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1] | ) Case No. 25-10475 (TMH) |
| | ) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) |

**NOTICE OF (I) CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT AND (II) THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION, (B) CONFIRMATION OF THE JOINT PLAN OF VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC. AND ITS DEBTOR AFFILIATES, AND (C) RELATED VOTING AND OBJECTION DEADLINES**

**PLEASE TAKE NOTICE** that on [●], 2026, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) conditionally approving the *Disclosure Statement for Joint Plan of Liquidation of Village Roadshow Entertainment Group USA Inc. and its Debtor Affiliates* [Docket No. [●]] (including all exhibits thereto and as may be amended, supplemented, or modified from time to time, the "Disclosure Statement") for solicitation purposes only; (b) approving the solicitation and voting procedures with respect to the proposed *Joint Plan of Liquidation of Village Roadshow Entertainment Group USA Inc. and its Debtor Affiliates* [Docket No. [●]] (as may be amended, modified, or supplemented from time to time, the "Plan")[2]; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Package"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE** that the hearing at which the Court will consider (a) final approval of the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Plan (the "Combined Hearing") will commence on **April 7, 2026 at [●], prevailing Eastern Time**,

---

[1]   The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343.  The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable, or as context otherwise requires.

before the Honorable Thomas M. Horan, United States Bankruptcy Judge, via Zoom or at the Court, 824 North Market Street, 3rd Floor, Courtroom No. 7, Wilmington, Delaware 19801.

> **PLEASE BE ADVISED**: THE COMBINED HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**. The voting record date is February 18, 2026, except as otherwise provided in the Disclosure Statement (the "Voting Record Date"), which is the date for determining which Holders of Claims in Classes 3B and 4 are entitled to vote on the Plan.

**Voting Deadline**. The deadline for voting on the Plan is on **March 24, 2026 at 4:00 p.m. prevailing Eastern Time** (the "Voting Deadline"). If you received a Solicitation Package, including a Ballot, and intend to vote on the Plan, you **must**: (a) follow the instructions carefully; (b) complete **all** of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' voting and solicitation agent, Kurtzman Carson Consultants, LLC (KCC) dba Verita Global ("Verita" or the "Voting Agent"), on or before the Voting Deadline. **A failure to follow such instructions may disqualify your vote.**

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN OR ADEQUACY OF THE DISCLOSURES IN THE DISCLOSURE STATEMENT

> **ARTICLE XI** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**Objection Deadline**. The deadline for filing objections to the Plan and any objection to the adequacy of the disclosures in the Disclosure Statement, if any, is **March 24, 2026 at 4:00 p.m. prevailing Eastern Time** (the "Confirmation Objection Deadline"). All objections to the relief sought at the Combined Hearing **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; **and** (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before the Confirmation Objection Deadline:

    **(a) the Debtors**, Village Roadshow Entertainment Group USA Inc., 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA (Attn: Kevin Berg (kevin.berg@vreg.com) and Keith Maib (kmaib@accordion.com));

(b) **counsel to the Debtors**, (i) Sheppard, Mullin, Richter & Hampton LLP, 321 North Clark Street, 32nd Floor, Chicago, IL 60654 (Attn.: Justin R. Bernbrock (jbernbrock@sheppardmullin.com), Jennifer L. Nassiri (jnassiri@sheppardmullin.com), Alyssa Paddock (apaddock@sheppardmullin.com), and Matthew T. Benz (mbenz@sheppardmullin.com)), and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Rodney Square, Wilmington, DE 19801, Joseph M. Mulvihill (jmulvihill@ycst.com);

(c) **the Office of the United States Trustee for the District of Delaware**, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn.: Timothy Fox (timothy.fox@usdoj.gov)); and

(d) **counsel to the Official Committee of Unsecured Creditors**, Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, NY 10019 (Attn.: Robert Feinstein (rfeinstein@pszjlaw.com) and Bradford Sandler (bsandler@pszjlaw.com).

## <u>ADDITIONAL INFORMATION</u>

**Obtaining Solicitation Materials**. The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received electronic access to the solicitation materials), please feel free to contact the Debtors' Voting Agent by: (a) writing to Village Roadshow Entertainment Claims Processing Center, c/o KCC dba Verita, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; (b) calling the Debtors' restructuring hotline at (866) 526-6865 (Toll-Free) or (781) 575-2076 (International); or (c) visiting the Debtors' restructuring website at https://veritaglobal.net/vreg for additional information or to send an email inquiry. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: https://www.deb.uscourts.gov/. Please be advised that the Voting Agent is authorized to answer any questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**Notice of the Assumption or Rejection of Executory Contracts**. Under the terms of <u>Article V</u> of the Plan, on the Effective Date, all Executory Contracts and Unexpired Leases of the Debtors not otherwise assumed or rejected will be deemed rejected in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, other than those Executory Contracts or Unexpired Leases that are the subject of a motion to assume that is pending on the Confirmation Date. Assumption of any Executory Contract or Unexpired Lease pursuant to the Sale Documents or the Plan, and payment of any cure amounts relating thereto, shall, upon satisfaction of the applicable requirements of section 365 of the Bankruptcy Code, result in the full, final, and complete release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults or provisions restricting the change in control of ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time prior to the effective date of assumption.

**BINDING NATURE OF THE PLAN**:

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THESE CHAPTER 11 CASES OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

[*Remainder of Page Intentionally Left Blank*]

## **EXHIBIT 2-A**

**Form of Class 3B Ballot**

(Non-Library Debtors General Unsecured Claims)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| VILLAGE ROADSHOW ENTERTAINMENT | ) Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*,[1] | ) |
|  | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) |
|  | ) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT PLAN
OF LIQUIDATION OF VILLAGE ROADSHOW ENTERTAINMENT
GROUP USA INC. AND ITS DEBTOR AFFILIATES**

> **HOLDERS OF CLASS 3B NON-LIBRARY DEBTORS GENERAL UNSECURED CLAIMS SHOULD READ THIS ENTIRE BALLOT BEFORE COMPLETING. PLEASE COMPLETE, DATE, AND SIGN THE BALLOT AND RETURN IT TO KURTZMAN CARSON CONSULTANTS, LLC (KCC) DBA VERITA GLOBAL (THE "VOTING AGENT") IN THE ENCLOSED PREADDRESSED, POSTAGE PREPAID ENVELOPE, BY FIRST CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY, OR VIA E-BALLOT.  YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE MARCH 24, 2026 AT 4:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE").**
>
> **The boxes to accept or reject the Plan and to exercise your right with respect to the third-party releases are contained on page 3 of this Ballot.**

The above-captioned debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors"), are soliciting votes with respect to the *Joint Plan of Liquidation of Village Roadshow Entertainment Group USA Inc. and its Debtor Affiliates* (the "Plan").  The Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has conditionally approved that certain *Disclosure Statement for Joint Plan of Liquidation of Village Roadshow Entertainment Group USA Inc. and its Debtor Affiliates* (the "Disclosure Statement") for solicitation purposes only, by entry of an order on [●], 2026 [Docket No. [●]] (the "Disclosure Statement Order").  The Bankruptcy Court's conditional approval of the Disclosure Statement

---

[1]     The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343.  The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the same meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are a Holder of a Class 3B Claim as of February 18, 2026 (the "Voting Record Date"). Under the terms of the Plan, Holders of Class 3B Claims are entitled to vote to accept or reject the Plan. The boxes to accept or reject the Plan and to exercise rights on third party releases are contained on page 3 of this Ballot.

Included in Item 2 of this Class 3 Ballot is a Release Opt-Out related to the Releases by Holders of Claims set forth in Article XI of the Plan. If you do not vote to accept the Plan, you may choose to opt out of the Releases set forth in Article XI of the Plan by affirmatively checking the Opt-Out box in Item 2. If you vote to accept the Plan, you are deemed to have consented to the Releases by Holders of Claims unless you check the Release Opt-Out box under Item 2 of this Ballot, and complete the Certification in Item 4 of this Ballot, and return this Ballot so that it is actually received no later than the Voting Deadline, or timely file an objection to the Releases by Holders of Claims.

Your rights are further described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Class 3B Ballot. If you need to obtain additional Solicitation Packages, you may obtain them (at the Debtors' expense) by (1) calling the Voting Agent at (866) 526-6865 (Toll Free) or (781) 575-2076 (International), or submitting an email via Verita's website at https://veritaglobal.net/vreg; (2) visiting the Debtors' restructuring website at: https://veritaglobal.net/vreg; and/or (3) writing to the Voting Agent at Village Roadshow Entertainment Claims Processing Center, c/o KCC dba Verita, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.deb.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, opting in to or out of the Releases by Holders of Claims, and making certain certifications with respect to the Plan. If you believe you have received this Class 3B Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately at the address, or telephone number set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 3B under the Plan. If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

If a controversy arises regarding whether any Claim or Interest is properly classified under the Plan, the Bankruptcy Court shall, upon proper motion and notice, determine such controversy at the Combined Hearing. If the Bankruptcy Court finds that the classification of any Claim or Interest is improper, then such Claim or Interest shall be reclassified and the Ballot previously cast by the holder of such Claim or Interest shall be counted in, and the Claim or Interest shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim or Interest should have been classified, without the necessity of resoliciting any votes on the Plan.

## Item 1. Amount of Claim.

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of a Class 3B Claim(s) in the following aggregate unpaid principal amount:

> Voting Amount of Claim: $

**YOUR VOTE ON THIS BALLOT WILL BE APPLIED TO EACH DEBTOR AGAINST WHICH YOU HAVE A CLAIM.**

## Item 2. Vote on Plan.

The Holder of the Class 3B Claim set forth in Item 1 votes to (please check only <u>one</u> box):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
|---|---|

## <u>IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE IN ARTICLE XI.B OF THE PLAN:</u>

**IF YOU ARE A "RELEASED PARTY" OR YOU VOTE TO ACCEPT THE PLAN AND DO NOT OTHERWISE OPT-OUT, YOU SHALL BE A "RELEASING PARTY" UNDER THE PLAN, AND YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE PROVISIONS CONTAINED IN THE PLAN.  YOUR DECISION ON THIS ELECTION DOES NOT AFFECT THE AMOUNT OF DISTRIBUTION YOU WILL RECEIVE UNDER THE PLAN.  IF YOU ABSTAIN FROM VOTING OR VOTE TO REJECT THE PLAN, YOU MAY OPT IN TO THE THIRD-PARTY RELEASES BY CHECKING THE BOX AT OPTION "B" BELOW.**

> **A. Release Opt-Out Election. (ONLY APPLICABLE IF YOU <u>DID NOT VOTE TO ACCEPT</u> THE PLAN).**  Check this box if you elect **not to grant** the releases contained in Article XI.B of the Plan. Election to opt-out is at your option and is in your sole discretion.  If you vote to accept the Plan and do not check the box below, you shall be deemed to have consented to the release provisions set forth in Article XI.B of the Plan.
>
> The Holder of the Class 3B Claim against the Debtors set forth in Item 1 elects to:
> ☐ **OPT OUT** of the Third-Party Release set forth in Article XI.B of the Plan

## Item 3. The Plan Includes Certain Injunction, Release, and Exculpation Provisions.

## Selected Defined Terms in the Plan

"<u>Exculpated Party</u>" or "<u>Exculpated Parties</u>" means collectively, and in each case, in its capacity as such: (a) the Debtors; (b) the Debtors' directors and officers who served at any time between the Petition Date and the Effective Date; (c) the Debtors' managers during these Chapter 11 Cases; (d) such Released Parties that are fiduciaries to the Debtors' Estates; (e) the Committee; (f) the members of the Committee in their capacity as such; and (g) all Professionals retained by

the Debtors and the Committee in these Chapter 11 Cases in their respective capacities as Professionals to the Debtors or Committee.

"Related Party" means each of, and in each case in its capacity as such, current and former directors, managers, officers, committee members, members of any governing body, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, Affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an entity), accountants, investment bankers, consultants, representatives, and other professionals and advisors and any such person's or entity's respective heirs, executors, estates, and nominees.

"Released Party" " means each of the following and in each case in its capacity as such: (a) the Debtors; (b) each of the Senior Secured Notes Parties; (c) the Holders of DIP Claims; (d) the Liquidation Trustee; (e) the Committee and its members, each in their capacities as such; (f) the Holders of Existing Equity Interests and (g) each Related Party of each Entity in clause (a) through this clause (f); *provided* that, a Released Party shall only be a Released Party if it is also a Releasing Party.

"Releasing Party" means, (a) the Released Parties; (b) all Holders of Claims or Interests that are Unimpaired ; (c) all Holders of Claims or Interests that (i) vote to accept the Plan or (ii) do not vote on the Plan, and for each of the foregoing, do not make a Release Opt-Out Election; (d) all Holders of Claims or Interests who receive a Notice of Non-Voting Status Package and do not make a Release Opt-Out Election; and (e) each Related Party of each Entity in the foregoing clauses (a) through (d), solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (d); *provided, however*, the Debtors shall not be a Releasing Party to the extent being a Releasing Party is duplicative or inconsistent with the Debtor Releases provided in Article X.A herein or any Retained Cause of Action; and *provided further* that Releasing Parties shall exclude any of the foregoing parties that makes a Release Opt-Out Election.

**Select Provisions of the Plan**

**Article XI.C of the Plan: Exculpation**

**Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, and except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party hereby is exculpated from any claim or Cause of Action related to, any act or omission in connection with, relating to, or arising out of the negotiation, solicitation, confirmation, execution, or implementation (to the extent on or prior to the Effective Date) of, as applicable, the Debtor Related Matters except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted bad faith, fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to**

reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, an Exculpated Party shall be entitled to exculpation from the Petition Date through the Effective Date, and the exculpation set forth above does not exculpate (a) any obligations arising after the Effective Date of any party or Entity under the Plan, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (b) any Retained Causes of Action.

**Article XI.A of the Plan: Releases by the Debtors**

Effective as of the Effective Date, pursuant to Section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, to the fullest extent allowed by applicable law, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Debtors and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all claims and Causes of Action, and liabilities whatsoever, including any derivative claims, asserted by or assertable on behalf of any of the Debtors or their Estates, as applicable, whether known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, in law (or any applicable rule, statute, regulation, treaty, right, duty or requirement), equity, contract, tort, or otherwise, that the Debtors or their Estates, would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part, the Debtor-Related Matters. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any obligations arising pursuant to or after the Effective Date of any party or Entity under the Plan, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (b) any obligations of a Purchaser arising under the applicable Asset Purchase Agreement and Sale Order, or (c) any Retained Causes of Action.

Upon the Effective Date, the Debtors shall be deemed to have released all Claims, Causes of Action, or remedies arising under section 547 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including voidable transfer laws against holders of Allowed Non-Library General Unsecured Claims.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan and, further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) a good faith settlement and compromise of the claims or Causes of Action released by the Debtor Release; (c) in the best interests of the Debtors,

the Estates, and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (f) a bar to any of the Debtors or their Estates, asserting any claim or Cause of Action released pursuant to the Debtor Release.

**Article XI.B of the Plan: Releases by Holders of Claims and Interests**

Effective as of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, to the fullest extent allowed by applicable law, each of the Releasing Parties shall be deemed to have to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each of the Released Parties and the other Releasing Parties from any and all claims, Causes of Action, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, in law (or any applicable rule, statute, regulation, treaty, right, duty or requirement), equity, contract, tort, or otherwise, that such Releasing Party would have been legally entitled to assert in its own right (whether individually or collectively) or otherwise based on or relating to, or in any manner arising from, in whole or in part, the Debtor-Related Matters. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any obligations arising pursuant to or after the Effective Date of any party or Entity under the Plan, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (b) any Retained Causes of Action; (c) actual fraud, willful misconduct, or gross negligence as determined by a Final Order; or (d) any right to compensation, indemnification, expense reimbursement, or contribution, or any other claim or entitlement that the Senior Secured Notes Collateral Agent may have against the Senior Secured Noteholders under the Senior Secured Notes Agreement.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the restructuring and implementing the Plan; (d) a good faith settlement and compromise of the claims or Causes of Action released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.

**Article XI.D of the Plan: Injunction**

Except as otherwise provided in the Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of the Plan; (2) have been released pursuant to the Plan; (3) were purchased and released by a Purchaser in connection

with the respective Sale; (4) are subject to exculpation pursuant to the Plan; or (5) are otherwise satisfied, stayed, released, or terminated pursuant to the terms of the Plan, are permanently enjoined and precluded, from and after the Effective Date, from commencing or continuing in any manner, any action or other proceeding, including on account of any Claims, Interests, Causes of Action, or liabilities that have been compromised or settled against the Debtors or any Entity so released or exculpated (or the property or estate of any Entity, directly or indirectly, so released or exculpated) on account of, or in connection with or with respect to, any released, settled, compromised, or exculpated claims, Interests, Causes of Action, or liabilities, including being permanently enjoined and precluded, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Liquidation Trustee, the Released Parties, or Exculpated Parties (as applicable): (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or Interests; (3) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estate of such Entities on account of or in connection with or with respect to any such claims or Interests; (4) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or Interests unless such Entity has timely asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding any other indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or Interests released or settled pursuant to the Plan.

Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of this Plan by the Debtors, the Liquidation Trustee, and their respective affiliates, employees, advisors, officers and directors, or agents.

**Article XV.I of the Plan: Term of Injunctions or Stays**

Except as otherwise provided in this Plan, to the maximum extent permitted by applicable law and subject to the Bankruptcy Court's post-confirmation jurisdiction to modify the injunctions and stays under this Plan (1) all injunctions with respect to or stays against an action against property of the Debtors or the Debtors' Estates arising under or entered during the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, and in existence on the date the Confirmation Order is entered, shall remain in full force and effect until such property is no longer property of the Debtors or the Debtors' Estates; and (2) all other injunctions and stays arising under or entered during the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code shall remain in full force and effect until the earliest of (i) the date that the Chapter 11 Cases are closed pursuant to a final order of

**the Bankruptcy Court, or (ii) the date that the Chapter 11 Cases are dismissed pursuant to a final order of the Bankruptcy Court.  All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect indefinitely.**

## Item 4. Certifications

By Signing this Ballot, the undersigned certifies to the Court and the Debtors:

1.      that, as of the Voting Record Date, the undersigned is either: (a) the Holder of the Class 3B Claim(s) (Non-Library Debtors General Unsecured Claims) being voted or (b) an authorized signatory for the Holder of the Class 3B Claim(s) (Non-Library Debtors General Unsecured Claims) being voted;

2.      that it has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3.      that it has cast the same vote with respect to all Class 3B Claims (Non-Library Debtors General Unsecured Claims) held by it or the Holder on whose behalf it is submitting this Ballot, as applicable;

4.      that no other Ballots with respect to the amount of the Class 3B Claim(s) (Non-Library Debtors General Unsecured Claims) identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked;

5.      that it acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of the Class 3B Claim(s) (Non-Library Debtors General Unsecured Claims) held by it or the Holder on whose behalf it is submitting this Ballot, as applicable;

6.      that it understands and, if accepting the Plan, agrees with the treatment provided under the Plan for the Claim(s) held by it or the Holder on whose behalf it is submitting this Ballot, as applicable;

7.      that it understands that, if it casts a vote to accept the Plan and does not complete the Release Opt-Out in Item 2.A, it or the Holder on whose behalf it is submitting this Ballot, as applicable, shall be a "Releasing Party" under the Plan (unless such Holder is already a "Releasing Party" by virtue of being a "Released Party");

8.      that it acknowledges and understands that (a) if no Holders of Claims or Interests eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims or Interests in such Class and (b) any Class of Claims that does not have a Holder of an Allowed Claim or a Claim temporarily allowed by the Court as of the date of the Combined Hearing may be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code; and

9.      that it acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary and that

the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

Name of Holder: _____

                                  (*print or type*)

Signature: _____

Name of Signatory[2]: _____

                                  (*if other than Holder*)

Title: _____

Address: _____

           _____

           _____

           _____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, DATE AND RETURN THE BALLOT PROMPTLY IN ACCORDANCE WITH ONE OF THE APPROVED SUBMISSION METHODS DESCRIBED BELOW. YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. PREVAILING EASTERN TIME ON MARCH 24, 2026**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN THE PROVIDED RETURN ENVELOPE *PROMPTLY* VIA FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

---

[2]    If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing. You may be required to provide additional information or documentation with respect to such relationship.

| **If by First Class Mail, Overnight Courier or Hand Delivery:** |
| --- |
| Village Roadshow Entertainment Claims Processing Center<br>c/o KCC dba Verita<br>222 N. pacific Coast Highway, Suite 300<br>El Segundo, CA 90245<br><br>To arrange hand delivery of your Ballot, please submit an email to the Solicitation Agent on their website at https://www.veritaglobal.net/vreg  (with "VREG Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the Verita address above and provide the anticipated date and time of delivery |

**PLEASE SELECT JUST ONE OPTION TO VOTE.**
**EITHER RETURN A PROPERLY EXECUTED PAPER BALLOT WITH YOUR VOTE**

**OR**

**IF COMPLETING AND SUBMITTING THIS BALLOT BY USING THE E-BALLOT PORTAL:**

To submit your Ballot via the Solicitation Agent's online portal, visit https://veritaglobal.net/vreg Click on the "Submit Electronic Proof of Claim (ePOC)" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

Unique E-Ballot ID#:                                    

The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Holders of Claims who cast an E-Ballot should NOT also submit a paper ballot.

| IF THE VOTING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT BY **MARCH 24, 2026 AT 4:00 P.M. (PREVAILING EASTERN TIME)** (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS. |
| --- |

**Instructions for Completing Ballots**

      1.      The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Ballot or in these

instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or the Disclosure Statement Order, as applicable.

**2.      The Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.**

3.      Verita's "E-Ballot Portal" is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.  To have your vote counted, you must electronically complete, sign, and return your customized electronic Ballot by utilizing the E-Ballot Portal on Verita's website, https://veritaglobal.net/vreg. Your Ballot must be received by Verita no later than the Voting Deadline, unless such time is extended by the Debtors.

**HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOT PORTAL.**

4.      If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or via first class mail, overnight courier, or hand delivery to:

Village Roadshow Entertainment Claims Processing Center
c/o KCC dba Verita
222 N. pacific Coast Highway, Suite 300
El Segundo, CA 90245

5.      To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope or by a method provided herein.  The Voting Deadline for the receipt of Ballots by Verita is **4:00 p.m. (prevailing Eastern Time) on March 24, 2026**.  Your completed Ballot must be actually received by Verita on or before the Voting Deadline.

6.      Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

7.      If you cast more than one Ballot voting the same Claim(s) before the Voting Deadline, the latest valid Ballot received on or before the Voting Deadline shall be deemed to reflect your intent and, thus, shall be deemed supersede any prior Ballot. If you simultaneously cast inconsistent Ballots, such Ballots will not be counted.

8.      If you cast a Ballot that is properly completed, executed and timely returned to Verita but that does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

9.     If you cast a Ballot that is properly completed, executed, and timely returned to Verita but that indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

10.     You shall be deemed to have voted the full amount of your Claim and shall not be entitled to split your vote within a particular Class.  Any Ballot that partially accepts and partially rejects the Plan will not be counted.

11.     The following Ballots shall not be counted:

    a.   any Ballot that is illegible or contains insufficient information to permit the identification of the Holder;

    b.   any Ballot that (A) does not indicate an acceptance or rejection of the Plan, (B) indicates both an acceptance and rejection of the Plan, and/or (C) partially accepts and partially rejects the Plan;

    c.   any Ballot cast by a person who does not hold, or represent a person that holds, a Claim in a Voting Class as of the Voting Record Date;

    d.   any Ballot received after the Voting Deadline unless the Debtors have granted an extension in writing (including e-mail) with respect to such Ballot.  The Holder of a Claim may choose the method of delivery of its Ballot to Verita at its own risk. Delivery of the Ballot will be deemed made only when the properly executed Ballot is actually received by Verita;

    e.   any Ballot delivered by facsimile transmission, electronic mail, or any other means not specifically approved herein, provided that Ballots submitted through the E-Ballot Portal will be counted;

    f.   any Ballot sent to a person other than Verita; and

    g.   any Ballot not bearing a signature.

12.     If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by Verita, the Debtors, or the Court, you must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, you should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

13.     The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Declaration.

14.     Neither the Debtors, Verita, nor any other entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in

the Voting Declaration, nor will any of them incur any liability for failure to provide such notification.

15.     Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

16.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claim, and neither the Debtors nor Verita will accept delivery of any such certificates or instruments surrendered together with a Ballot.

17.     This Ballot does not constitute and shall not be deemed to be: (a) a Proof of Claim or (b) an assertion or admission of a Claim.

18.     If you believe you have received the wrong Ballot, you should contact Verita immediately by calling (866) 526-6865 (Toll-Free) or (781) 575-2076 (International) or by submitting an e-mail via Verita's website at https://veritaglobal.net/vreg, referencing "Village Roadshow Entertainment Group USA Inc. Ballots" in the subject line.

**<u>PLEASE SUBMIT YOUR BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT VERITA BY CALLING (866) 526-6865 (TOLL-FREE) OR (781) 575-2076 (INTERNATIONAL)
OR BY SUBMITTING AN EMAIL VIA VERITA'S WEBISTE AT
HTTPS://WWW.VERITAGLOBAL.NET/VREG.**

**<u>EXHIBIT 2-B</u>**

**Form of Class 4 Ballot**

(Senior Secured Notes Claims)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT | ) Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*,[1] | ) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT PLAN
OF LIQUIDATION OF VILLAGE ROADSHOW ENTERTAINMENT
GROUP USA INC. AND ITS DEBTOR AFFILIATES**

---

**HOLDERS OF CLASS 4 SENIOR SECURED NOTES CLAIMS SHOULD READ THIS ENTIRE BALLOT BEFORE COMPLETING.  PLEASE COMPLETE, DATE, AND SIGN THE BALLOT AND RETURN IT TO KURTZMAN CARSON CONSULTANTS, LLC (KCC) DBA VERITA GLOBAL ("VERITA" OR THE "VOTING AGENT") IN THE ENCLOSED PREADDRESSED, POSTAGE PREPAID ENVELOPE, BY FIRST CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY, OR VIA ELECTRONIC BALLOT.  YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE MARCH 24, 2026 AT 4:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE").**

**The boxes to accept or reject the Plan and to exercise your right with respect to the third-party releases are contained on page 3 of this Ballot.**

---

The above-captioned debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors"), are soliciting votes with respect to the *Joint Plan of Liquidation of Village Roadshow Entertainment Group USA Inc. and its Debtor Affiliates* (the "Plan").  The Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has conditionally approved that certain *Disclosure Statement for Joint Plan of Liquidation of Village Roadshow Entertainment Group USA Inc. and its Debtor Affiliates* (the "Disclosure Statement") for solicitation purposes only, by entry of an order on [●], 2026 [Docket No. [●]] (the "Disclosure Statement Order").  The Bankruptcy Court's conditional approval of the Disclosure Statement

---

[1]  The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343.  The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the same meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are a Holder of a Class 4 Claim as of February 18, 2026 (the "Voting Record Date"). Under the terms of the Plan, Holders of Class 4 Claims are entitled to vote to accept or reject the Plan. The boxes to accept or reject the Plan and to exercise rights on third party releases are contained on page 3 of this Ballot.

Included in Item 2 of this Class 4 Ballot is a Release Opt-Out related to the Releases by Holders of Claims set forth in Article XI of the Plan. If you do not vote to accept the Plan, you may choose to opt out of the Releases set forth in Article XI of the Plan by affirmatively checking the Opt-Out box in Item 2. If you vote to accept the Plan, you are deemed to have consented to the Releases by Holders of Claims unless you check the Release Opt-Out box under Item 2 of this Ballot, and complete the Certification in Item 4 of this Ballot, and return this Ballot so that it is actually received no later than the Voting Deadline, or timely file an objection to the Releases by Holders of Claims.

Your rights are further described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Class 4 Ballot. If you need to obtain additional Solicitation Packages, you may obtain them (at the Debtors' expense) by (1) calling the Voting Agent at (866) 526-6865 (Toll Free) or (781) 575-2076 (International), or by submitting an email via Verita's website at https://veritaglobal.net/vreg; (2) visiting the Debtors' restructuring website at: https://veritaglobal.net/vreg; and/or (3) writing to the Voting Agent at Village Roadshow Entertainment Claims Processing Center, c/o KCC dba Verita, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.deb.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, opting in to or out of the Releases by Holders of Claims, and making certain certifications with respect to the Plan. If you believe you have received this Class 4 Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately at the address, or telephone number set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 4 under the Plan. If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

If a controversy arises regarding whether any Claim or Interest is properly classified under the Plan, the Bankruptcy Court shall, upon proper motion and notice, determine such controversy at the Combined Hearing. If the Bankruptcy Court finds that the classification of any Claim or Interest is improper, then such Claim or Interest shall be reclassified and the Ballot previously cast by the holder of such Claim or Interest shall be counted in, and the Claim or Interest shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim or Interest should have been classified, without the necessity of resoliciting any votes on the Plan.

**Item 1. Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of a Class 4 Claim(s) in the following aggregate unpaid principal amount:

> Voting Amount of Claim: $
>
> Debtor: _____

**Item 2. Vote on Plan.**

The Holder of the Class 4 Claim set forth in Item 1 votes to (please check only <u>one</u> box):

| ☐  **ACCEPT** (vote FOR) the Plan | ☐  **REJECT** (vote AGAINST) the Plan |
|---|---|

**IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE IN ARTICLE XI.B OF THE PLAN:**

**IF YOU ARE A "RELEASED PARTY" OR YOU VOTE TO ACCEPT THE PLAN AND DO NOT OTHERWISE OPT-OUT, YOU SHALL BE A "RELEASING PARTY" UNDER THE PLAN, AND YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE PROVISIONS CONTAINED IN THE PLAN. YOUR DECISION ON THIS ELECTION DOES NOT AFFECT THE AMOUNT OF DISTRIBUTION YOU WILL RECEIVE UNDER THE PLAN. IF YOU ABSTAIN FROM VOTING OR VOTE TO REJECT THE PLAN, YOU MAY OPT IN TO THE THIRD-PARTY RELEASES BY CHECKING THE BOX AT OPTION "B" BELOW.**

**A. Release Opt-Out Election. (ONLY APPLICABLE IF YOU <u>DID NOT VOTE TO ACCEPT</u> THE PLAN).** Check this box if you elect **not to grant** the releases contained in Article XI.B of the Plan. Election to opt-out is at your option and is in your sole discretion. If you vote to accept the Plan and do not check the box below, you shall be deemed to have consented to the release provisions set forth in Article XI.B of the Plan.

The Holder of the Class 4 Claim against the Debtors set forth in Item 1 elects to:
☐ **OPT OUT** of the Third-Party Release set forth in Article XI.B of the Plan

**Item 3. The Plan Includes Certain Injunction, Release, and Exculpation Provisions.**

**Selected Defined Terms in the Plan**

"<u>Exculpated Party</u>" or "<u>Exculpated Parties</u>" means collectively, and in each case, in its capacity as such: (a) the Debtors; (b) the Debtors' directors and officers who served at any time between the Petition Date and the Effective Date; (c) the Debtors' managers during these Chapter 11 Cases; (d) such Released Parties that are fiduciaries to the Debtors' Estates; (e) the Committee; (f) the members of the Committee in their capacity as such; and (g) all Professionals retained by

the Debtors and the Committee in these Chapter 11 Cases in their respective capacities as Professionals to the Debtors or Committee.

"Related Party" means each of, and in each case in its capacity as such, current and former directors, managers, officers, committee members, members of any governing body, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, Affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an entity), accountants, investment bankers, consultants, representatives, and other professionals and advisors and any such person's or entity's respective heirs, executors, estates, and nominees.

"Released Party" means each of the following and in each case in its capacity as such: (a) the Debtors; (b) each of the Senior Secured Notes Parties; (c) the Holders of DIP Claims; (d) the Liquidation Trustee; (e) the Committee and its members, each in their capacities as such; (f) the Holders of Existing Equity Interests and (g) each Related Party of each Entity in clause (a) through this clause (f); *provided* that, a Released Party shall only be a Released Party if it is also a Releasing Party.

"Releasing Party" means, (a) the Released Parties; (b) all Holders of Claims or Interests that are Unimpaired ; (c) all Holders of Claims or Interests that (i) vote to accept the Plan or (ii) do not vote on the Plan, and for each of the foregoing, do not make a Release Opt-Out Election; (d) all Holders of Claims or Interests who receive a Notice of Non-Voting Status Package and do not make a Release Opt-Out Election; and (e) each Related Party of each Entity in the foregoing clauses (a) through (d), solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (d); *provided, however*, the Debtors shall not be a Releasing Party to the extent being a Releasing Party is duplicative or inconsistent with the Debtor Releases provided in Article X.A herein or any Retained Cause of Action; and *provided further* that Releasing Parties shall exclude any of the foregoing parties that makes a Release Opt-Out Election.

**Select Provisions of the Plan**

**Article XI.C of the Plan: Exculpation**

**Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, and except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party hereby is exculpated from any claim or Cause of Action related to, any act or omission in connection with, relating to, or arising out of the negotiation, solicitation, confirmation, execution, or implementation (to the extent on or prior to the Effective Date) of, as applicable, the Debtor Related Matters except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted bad faith, fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to**

reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, an Exculpated Party shall be entitled to exculpation from the Petition Date through the Effective Date, and the exculpation set forth above does not exculpate (a) any obligations arising after the Effective Date of any party or Entity under the Plan, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (b) any Retained Causes of Action.

**Article XI.A of the Plan: Releases by the Debtors**

Effective as of the Effective Date, pursuant to Section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, to the fullest extent allowed by applicable law, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Debtors and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all claims and Causes of Action, and liabilities whatsoever, including any derivative claims, asserted by or assertable on behalf of any of the Debtors or their Estates, as applicable, whether known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, in law (or any applicable rule, statute, regulation, treaty, right, duty or requirement), equity, contract, tort, or otherwise, that the Debtors or their Estates, would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part, the Debtor-Related Matters. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any obligations arising pursuant to or after the Effective Date of any party or Entity under the Plan, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (b) any obligations of a Purchaser arising under the applicable Asset Purchase Agreement and Sale Order, or (c) any Retained Causes of Action.

Upon the Effective Date, the Debtors shall be deemed to have released all Claims, Causes of Action, or remedies arising under section 547 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including voidable transfer laws against holders of Allowed Non-Library Debtors General Unsecured Claims.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan and, further, shall constitute the Bankruptcy Court's finding that the Debtor Release is:  (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) a good faith settlement and compromise of the claims or Causes of Action released by the Debtor Release; (c) in the best interests of the Debtors,

the Estates, and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (f) a bar to any of the Debtors or their Estates, asserting any claim or Cause of Action released pursuant to the Debtor Release.

**Article XI.B of the Plan: Releases by Holders of Claims and Interests**

Effective as of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, to the fullest extent allowed by applicable law, each of the Releasing Parties shall be deemed to have to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each of the Released Parties and the other Releasing Parties from any and all claims, Causes of Action, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, in law (or any applicable rule, statute, regulation, treaty, right, duty or requirement), equity, contract, tort, or otherwise, that such Releasing Party would have been legally entitled to assert in its own right (whether individually or collectively) or otherwise based on or relating to, or in any manner arising from, in whole or in part, the Debtor-Related Matters. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any obligations arising pursuant to or after the Effective Date of any party or Entity under the Plan, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (b) any Retained Causes of Action; (c) actual fraud, willful misconduct, or gross negligence as determined by a Final Order; or (d) any right to compensation, indemnification, expense reimbursement, or contribution, or any other claim or entitlement that the Senior Secured Notes Collateral Agent may have against the Senior Secured Noteholders under the Senior Secured Notes Agreement.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the restructuring and implementing the Plan; (d) a good faith settlement and compromise of the claims or Causes of Action released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third-Party Release.

**Article XI.D of the Plan: Injunction**

Except as otherwise provided in the Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of the Plan; (2) have been released pursuant to the Plan; (3) were purchased and released by a Purchaser in connection

with the respective Sale; (4) are subject to exculpation pursuant to the Plan; or (5) are otherwise satisfied, stayed, released, or terminated pursuant to the terms of the Plan, are permanently enjoined and precluded, from and after the Effective Date, from commencing or continuing in any manner, any action or other proceeding, including on account of any Claims, Interests, Causes of Action, or liabilities that have been compromised or settled against the Debtors or any Entity so released or exculpated (or the property or estate of any Entity, directly or indirectly, so released or exculpated) on account of, or in connection with or with respect to, any released, settled, compromised, or exculpated claims, Interests, Causes of Action, or liabilities, including being permanently enjoined and precluded, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Liquidation Trustee, the Released Parties, or Exculpated Parties (as applicable): (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or Interests; (3) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estate of such Entities on account of or in connection with or with respect to any such claims or Interests; (4) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or Interests unless such Entity has timely asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding any other indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or Interests released or settled pursuant to the Plan.

Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of this Plan by the Debtors, the Liquidation Trustee, and their respective affiliates, employees, advisors, officers and directors, or agents.

**Article XV.I of the Plan: Term of Injunctions or Stays**

Except as otherwise provided in this Plan, to the maximum extent permitted by applicable law and subject to the Bankruptcy Court's post-confirmation jurisdiction to modify the injunctions and stays under this Plan (1) all injunctions with respect to or stays against an action against property of the Debtors or the Debtors' Estates arising under or entered during the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, and in existence on the date the Confirmation Order is entered, shall remain in full force and effect until such property is no longer property of the Debtors or the Debtors' Estates; and (2) all other injunctions and stays arising under or entered during the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code shall remain in full force and effect until the earliest of (i) the date that the Chapter 11 Cases are closed pursuant to a final order of

**the Bankruptcy Court, or (ii) the date that the Chapter 11 Cases are dismissed pursuant to a final order of the Bankruptcy Court.  All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect indefinitely.**

## Item 4. Certifications

By Signing this Ballot, the undersigned certifies to the Court and the Debtors:

1. that, as of the Voting Record Date, the undersigned is either: (a) the Holder of the Class 4 Claim(s) (Senior Secured Notes Claims) being voted or (b) an authorized signatory for the Holder of the Class 4 Claim(s) (Senior Secured Notes Claims) being voted;

2. that it has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3. that it has cast the same vote with respect to all Class 4 Claims (Senior Secured Notes Claims) held by it or the Holder on whose behalf it is submitting this Ballot, as applicable;

4. that no other Ballots with respect to the amount of the Class 4 (Senior Secured Notes Claims) Claim(s) identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked;

5. that it acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of the Class 4 Claim(s) (Senior Secured Notes Claims) held by it or the Holder on whose behalf it is submitting this Ballot, as applicable;

6. that it understands and, if accepting the Plan, agrees with the treatment provided under the Plan for the Claim(s) held by it or the Holder on whose behalf it is submitting this Ballot, as applicable;

7. that it understands that, if it casts a vote to accept the Plan and does not complete the Release Opt-Out in Item 2.A, it or the Holder on whose behalf it is submitting this Ballot, as applicable, shall be a "Releasing Party" under the Plan (unless such Holder is already a "Releasing Party" by virtue of being a "Released Party");

8. that it acknowledges and understands that (a) if no Holders of Claims or Interests eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims or Interests in such Class and (b) any Class of Claims that does not have a Holder of an Allowed Claim or a Claim temporarily allowed by the Court as of the date of the Combined Hearing may be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code; and

9. that it acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary and that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

Name of Holder: _____

*(print or type)*

Signature: _____

Name of Signatory[2]: _____

*(if other than Holder)*

Title: _____

Address: _____

_____

_____

_____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, DATE AND RETURN THE BALLOT PROMPTLY IN ACCORDANCE WITH ONE OF THE APPROVED SUBMISSION METHODS DESCRIBED BELOW. YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. PREVAILING EASTERN TIME ON MARCH 24, 2026**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN THE PROVIDED RETURN ENVELOPE *PROMPTLY* VIA FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

---

[2]   If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.  You may be required to provide additional information or documentation with respect to such relationship.

**If by First Class Mail, Overnight Courier or Hand Delivery:**

Village Roadshow Entertainment Claims Processing Center
c/o KCC dba Verita
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

To arrange hand delivery of your Ballot, please submit an email to the Voting Agent on their website at https://veritaglobal.net/vreg (with "VREG Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the Verita address above and provide the anticipated date and time of delivery

**PLEASE SELECT JUST ONE OPTION TO VOTE.**
**EITHER RETURN A PROPERLY EXECUTED PAPER BALLOT WITH YOUR VOTE**

**OR**

**IF COMPLETING AND SUBMITTING THIS BALLOT BY USING THE E-BALLOT PORTAL:**

To submit your Ballot via the Solicitation Agent's online portal, visit https://veritaglobal.net/vreg. Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

Unique E-Ballot ID#:        _____

The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Holders of Claims who cast an E-Ballot should NOT also submit a paper ballot.

IF THE VOTING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT BY **MARCH 24, 2026 AT 4:00 P.M. (PREVAILING EASTERN TIME)** (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.

**Instructions for Completing Ballots**

1.        The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or the Disclosure Statement Order, as applicable.

**2.        The Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.**

3.        Verita's "E-Ballot Portal" is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.  To have your vote counted, you must electronically complete, sign, and return your customized electronic Ballot by utilizing the E-Ballot Portal on Verita's website, https://veritaglobal.net/vreg.  Your Ballot must be received by Verita no later than the Voting Deadline, unless such time is extended by the Debtors.

**HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOT PORTAL.**

4.        If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or via first class mail, overnight courier, or hand delivery to:

Village Roadshow Entertainment Claims Processing Center,
c/o KCC dba Verita
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

5.        To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope or by a method provided herein.  The Voting Deadline for the receipt of Ballots by Verita is **4:00 p.m. (prevailing Eastern Time) on March 24, 2026**.  Your completed Ballot must be actually received by Verita on or before the Voting Deadline.

6.        Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

7.        If you cast more than one Ballot voting the same Claim(s) before the Voting Deadline, the latest valid Ballot received on or before the Voting Deadline shall be deemed to reflect your intent and, thus, shall be deemed supersede any prior Ballot. If you simultaneously cast inconsistent Ballots, such Ballots will not be counted.

8.      If you cast a Ballot that is properly completed, executed and timely returned to Verita but that does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

9.      If you cast a Ballot that is properly completed, executed, and timely returned to Verita but that indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

10.     You shall be deemed to have voted the full amount of your Claim and shall not be entitled to split your vote within a particular Class.  Any Ballot that partially accepts and partially rejects the Plan will not be counted.

11.     The following Ballots shall not be counted:

a.  any Ballot that is illegible or contains insufficient information to permit the identification of the Holder;

b.  any Ballot that (A) does not indicate an acceptance or rejection of the Plan, (B) indicates both an acceptance and rejection of the Plan, and/or (C) partially accepts and partially rejects the Plan;

c.  any Ballot cast by a person who does not hold, or represent a person that holds, a Claim in a Voting Class as of the Voting Record Date;

d.  any Ballot received after the Voting Deadline unless the Debtors have granted an extension in writing (including e-mail) with respect to such Ballot.  The Holder of a Claim may choose the method of delivery of its Ballot to Verita at its own risk. Delivery of the Ballot will be deemed made only when the original properly executed Ballot is actually received by Verita;

e.  any Ballot delivered by facsimile transmission, electronic mail, or any other means not specifically approved herein, provided that Ballots submitted through the E-Ballot Portal will be counted;

f.  any Ballot sent to a person other than Verita; and

g.  any Ballot not bearing a signature;.

12.     If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by Verita, the Debtors, or the Court, you must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, you should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

13.     The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Declaration.

14.     Neither the Debtors, Verita, nor any other entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Declaration, nor will any of them incur any liability for failure to provide such notification.

15.     Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

16.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claim, and neither the Debtors nor Verita will accept delivery of any such certificates or instruments surrendered together with a Ballot.

17.     This Ballot does not constitute and shall not be deemed to be: (a) a Proof of Claim or (b) an assertion or admission of a Claim.

18.     If you believe you have received the wrong Ballot, you should contact Verita immediately by calling (866) 526-6865 (Toll-Free) or (781) 575-2076 (International) or submitting an email via Verita's website at https://veritaglobal.net/vreg referencing "Village Roadshow Entertainment Group USA Inc. Ballots" in the subject line.

### PLEASE SUBMIT YOUR BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT VERITA BY CALLING (866) 526-6865 (TOLL-FREE) OR (781) 575-2076 (INTERNATIONAL)
OR BY SUBMITTING AN EMAIL VIA VERITA'S WEBSITE AT
HTTPS://VERITAGLOBAL.NET/VREG.**

**<u>EXHIBIT 3-A</u>**

**Form of Notice of Non-Voting Package for Unimpaired Classes**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| VILLAGE ROADSHOW ENTERTAINMENT | ) Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*,[1] | ) |
|  | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) |
|  | ) |

### NOTICE OF NON-VOTING STATUS OF HOLDERS OF UNIMPAIRED
### CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE** that on [●], 2026, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) conditionally approving the *Disclosure Statement for Joint Plan of Liquidation of Village Roadshow Entertainment Group USA Inc. and its Debtor Affiliates* [Docket No. [●]] (including all exhibits thereto and as may be amended, supplemented, or modified from time to time, the "Disclosure Statement") for solicitation purposes only; (b) approving the solicitation and voting procedures with respect to the proposed *Joint Plan of Liquidation of Village Roadshow Entertainment Group USA Inc. and its Debtor Affiliates* [Docket No. [●]] (as may be amended, modified, or supplemented from time to time, the "Plan")[2]; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Package"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE** that because of the nature and treatment of your Claim under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a holder of a Claim (as currently asserted against the Debtors) that is not Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE** that the hearing at which the Court will consider (a) final approval of the Disclosure Statement as containing adequate information within the

---

[1]   The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable, or as context otherwise requires.

meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Plan (the "Combined Hearing") will commence on **April 7, 2026 at [●], prevailing Eastern Time**, before the Honorable Thomas M. Horan, United States Bankruptcy Judge, via Zoom or at the Court, 824 North Market Street, 3rd Floor, Courtroom No. 7, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE** that the deadline for filing objections to the Plan and any objection to the adequacy of the disclosures in the Disclosure Statement, if any, is **March 24, 2026 at 4:00 p.m. prevailing Eastern Time** (the "Confirmation Objection Deadline"). All objections to the relief sought at the Combined Hearing **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; **and** (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before the Confirmation Objection Deadline:

(a) **the Debtors**, Village Roadshow Entertainment Group USA Inc., 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA (Attn: Kevin Berg (kevin.berg@vreg.com) and Keith Maib (kmaib@accordion.com));

(b) **counsel to the Debtors**, (i) Sheppard, Mullin, Richter & Hampton LLP, 321 North Clark Street, 32nd Floor, Chicago, IL 60654 (Attn.: Justin R. Bernbrock (jbernbrock@sheppardmullin.com), Jennifer L. Nassiri (jnassiri@sheppardmullin.com), Alyssa Paddock (apaddock@sheppardmullin.com), and Matthew T. Benz (mbenz@sheppardmullin.com)), and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Rodney Square, Wilmington, DE 19801, Joseph M. Mulvihill (jmulvihill@ycst.com);

(c) **the Office of the United States Trustee for the District of Delaware**, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn.: Timothy Fox (timothy.fox@usdoj.gov)); and

(d) **counsel to the Official Committee of Unsecured Creditors**, Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, NY 10019 (Attn.: Robert Feinstein (rfeinstein@pszjlaw.com) and Bradford Sandler (bsandler@pszjlaw.com).

**PLEASE TAKE FURTHER NOTICE** that if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact the Debtors' Voting Agent by: (a) writing to Village Roadshow Entertainment Claims Processing Center, c/o KCC dba Verita, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; (b) calling the Debtors' restructuring hotline at (866) 526-6865 (Toll-Free) or (781) 575-2076 (International); (c) submitting an email via Verita's website at https://veritaglobal.net/vreg; or (d) visiting the Debtors' restructuring website at https://veritaglobal.net/vreg. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: https://www.deb.uscourts.gov/.

**EXHIBIT 3-B**

**Form of Notice of Non-Voting Package for Impaired Classes**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VILLAGE ROADSHOW ENTERTAINMENT | ) | Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*,[1] | ) |  |
|  | ) | (Jointly Administered) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

**NOTICE OF NON-VOTING STATUS OF HOLDERS OF IMPAIRED
CLAIMS CONCLUSIVELY PRESUMED TO REJECT THE PLAN**

**PLEASE TAKE NOTICE** that on [●], 2026, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) conditionally approving the *Disclosure Statement for Joint Plan of Liquidation of Village Roadshow Entertainment Group USA Inc. and its Debtor Affiliates* [Docket No. [●]] (including all exhibits thereto and as may be amended, supplemented, or modified from time to time, the "Disclosure Statement") for solicitation purposes only; (b) approving the solicitation and voting procedures with respect to the proposed *Joint Plan of Liquidation of Village Roadshow Entertainment Group USA Inc. and its Debtor Affiliates* [Docket No. [●]] (as may be amended, modified, or supplemented from time to time, the "Plan")[2]; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Package"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE** that because of the nature and treatment of your Claim under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a holder of a Claim (as currently asserted against the Debtors) that is Impaired and conclusively presumed to have rejected the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE** that the hearing at which the Court will consider (a) final approval of the Disclosure Statement as containing adequate information within the

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable, or as context otherwise requires.

meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Plan (the "Combined Hearing") will commence on **April 7, 2026 at [●] prevailing Eastern Time**, before the Honorable Thomas M. Horan, United States Bankruptcy Judge, via Zoom or at the Court, 824 North Market Street, 3rd Floor, Courtroom No. 7, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE** that the deadline for filing objections to the Plan and any objection to the adequacy of the disclosures in the Disclosure Statement, if any, is **March 24, 2026 at 4:00 p.m. prevailing Eastern Time** (the "Confirmation Objection Deadline"). All objections to the relief sought at the Combined Hearing **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; **and** (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before the Confirmation Objection Deadline:

(a) **the Debtors**, Village Roadshow Entertainment Group USA Inc., 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA (Attn: Kevin Berg (kevin.berg@vreg.com) and Keith Maib (kmaib@accordion.com));

(b) **counsel to the Debtors**, (i) Sheppard, Mullin, Richter & Hampton LLP, 321 North Clark Street, 32nd Floor, Chicago, IL 60654 (Attn.: Justin R. Bernbrock (jbernbrock@sheppardmullin.com), Jennifer L. Nassiri (jnassiri@sheppardmullin.com), Alyssa Paddock (apaddock@sheppardmullin.com), and Matthew T. Benz (mbenz@sheppardmullin.com)), and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Rodney Square, Wilmington, DE 19801, Joseph M. Mulvihill (jmulvihill@ycst.com);

(c) **the Office of the United States Trustee for the District of Delaware**, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn.: Timothy Fox (timothy.fox@usdoj.gov)); and

(d) **counsel to the Official Committee of Unsecured Creditors**, Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, NY 10019 (Attn.: Robert Feinstein (rfeinstein@pszjlaw.com) and Bradford Sandler (bsandler@pszjlaw.com).

**PLEASE TAKE FURTHER NOTICE** that if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact the Debtors' Voting Agent by: (a) writing to Village Roadshow Entertainment Claims Processing Center, c/o KCC dba Verita, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; (b) calling the Debtors' restructuring hotline at (866) 526-6865 (Toll-Free) or (781) 575-2076 (International); (c) submitting an email via Verita's website at https://veritaglobal.net/vreg; or (d) visiting the Debtors' restructuring website at https://veritaglobal.net/vreg. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: https://www.deb.uscourts.gov/.

## <u>EXHIBIT 4</u>

**Plan Supplement Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VILLAGE ROADSHOW ENTERTAINMENT | ) | Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*,[1] | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

### NOTICE OF FILING PLAN SUPPLEMENT

**PLEASE TAKE NOTICE** that on [●], 2026, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) conditionally approving the *Disclosure Statement for Joint Plan of Liquidation of Village Roadshow Entertainment Group USA Inc. and its Debtor Affiliates* [Docket No. [●]] (including all exhibits thereto and as may be amended, supplemented, or modified from time to time, the "Disclosure Statement") for solicitation purposes only; (b) approving the solicitation and voting procedures with respect to the proposed *Joint Plan of Liquidation of Village Roadshow Entertainment Group USA Inc. and its Debtor Affiliates* [Docket No. [●]] (as may be amended, modified, or supplemented from time to time, the "Plan")[2]; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Package"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE** that as contemplated by the Plan and the Disclosure Statement Order, the Debtors filed the [*Plan Supplement*] [Docket No. [●]] with the Court on [●], 2026 (the "Plan Supplement"). The Plan Supplement contains the following documents (each as defined in the Plan): (1) the identity of the Liquidation Trustee and the compensation of the Liquidation Trustee; (2) the Liquidation Trust Agreement; (3) the identity of the GUC Trustee and the compensation of the GUC Trustee; (4) the GUC Trust Agreement; (5) to the extent required and known, the identity of any insider that will be employed or retained by the Liquidation Trust, and the nature of any compensation for such insider; (6) the list of

---

[1]  The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification number is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable, or as context otherwise requires.

Retained Causes of Action, if any; and (7) other documentation necessary to effectuate the Plan or that is contemplated by the Plan.

**Objection Deadline**.  The deadline for filing objections to the Plan and any objection to the adequacy of the disclosures in the Disclosure Statement, if any, is **March 24, 2026 at 4:00 p.m. prevailing Eastern Time** (the "Confirmation Objection Deadline").  All objections to the relief sought at the Combined Hearing **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; **and** (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before the Confirmation Objection Deadline:

(a) **the Debtors**, Village Roadshow Entertainment Group USA Inc., 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA (Attn: Kevin Berg (kevin.berg@vreg.com) and Keith Maib (kmaib@accordion.com));

(b) **counsel to the Debtors**, (i) Sheppard, Mullin, Richter & Hampton LLP, 321 North Clark Street, 32nd Floor, Chicago, IL 60654 (Attn.: Justin R. Bernbrock (jbernbrock@sheppardmullin.com), Jennifer L. Nassiri (jnassiri@sheppardmullin.com), Alyssa Paddock (apaddock@sheppardmullin.com), and Matthew T. Benz (mbenz@sheppardmullin.com)), and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Rodney Square, Wilmington, DE 19801, Joseph M. Mulvihill (jmulvihill@ycst.com);

(c) **the Office of the United States Trustee for the District of Delaware**, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn.: Timothy Fox (timothy.fox@usdoj.gov)); and

(d) **counsel to the Official Committee of Unsecured Creditors**, Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, NY 10019 (Attn.: Robert Feinstein (rfeinstein@pszjlaw.com) and Bradford Sandler (bsandler@pszjlaw.com).

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received electronic access to the solicitation materials), please feel free to contact the Debtors' Voting Agent by: (a) writing to Village Roadshow Entertainment Claims Processing Center, c/o KCC dba Verita, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; (b) calling the Debtors' restructuring hotline at (866) 526-6865 (Toll-Free) or (781) 575-2076 (International); (c) submitting an email via Verita's website at https://veritaglobal.net/vreg; or (d) visiting the Debtors' restructuring website at https://veritaglobal.net/vreg.  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: https://www.deb.uscourts.gov/.  Please be advised that the Voting Agent is authorized to answer any questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**ARTICLE XI** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **SECTION XI.B** CONTAINS A THIRD PARTY **RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE VOTING AGENT.**

[*Remainder of Page Intentionally Left Blank*]

Dated: [●], 2025
Wilmington, Delaware

/s/ _____

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**
Joseph M. Mulvihill (Del. Bar No. 6061)
Brynna M. Gaffney (Del. Bar No. 7402)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:        jmulvihill@ycst.com
              bgaffney@ycst.com


*Co-Counsel for the Debtors and
Debtors in Possession*

**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**
Justin R. Bernbrock (admitted *pro hac vice*)
Matthew T. Benz (admitted *pro hac vice*)
321 North Clark Street, 32nd Floor
Chicago, IL 60654
Telephone:    (312) 499-6300
Facsimile:    (312) 499-6301
Email:        jbernbrock@sheppardmullin.com
              mbenz@sheppardmullin.com

-and-

Jennifer L. Nassiri (admitted *pro hac vice*)
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone:    (310) 228-3700
Facsimile:    (310) 228-3701
Email:        jnassiri@sheppardmullin.com

-and-

Alyssa Paddock (admitted *pro hac vice*)
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Telephone:    (212) 653-8700
Facsimile:    (212) 653-8701
Email:        apaddock@sheppardmullin.com


*Co-Counsel for the Debtors and
Debtors in Possession*