FILED
2026 FEB -2 P 3: 42
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re:
Village Roadshow Entertainment Group, et al.,
Debtors.

Case No. 25-10475 (TMH)

**MOTION OF THE G.O.A.T. MEDIA, LLC FOR EXAMINATION AND LIMITED PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

**I. Relief Requested**

THE G.O.A.T. MEDIA, LLC (the "Claimant") respectfully moves this Court for entry of an order authorizing a limited examination and document production pursuant to Federal Rule of Bankruptcy Procedure 2004 concerning estate governance, representations of authority, internal handling of third-party development submissions, and restructuring-related operational controls.

**II. Scope of Requested Examination and Production**

(Narrow and Limited)

The examination and document production shall be limited to the following categories:

1. Authority and Agency Documentation
◦ Contracts, engagement agreements, employment agreements, or other documents defining the scope of authority of individuals presented as affiliated with the Debtors who solicited, received, reviewed, or transmitted third-party development submissions during the relevant period.
◦ Documents reflecting the nature, duration, modification, and termination of such authority.

2. Submission Intake, Handling, and Governance Policies
◦ Policies, procedures, guidelines, or internal controls governing the intake, routing, review, retention, rejection, or disposition of third-party development submissions.
◦ Documents sufficient to identify whether such policies existed, were adopted, or were implemented during the relevant period.

3. Internal Routing and Disposition Records
◦ Documents sufficient to show whether, how, and by whom third-party development submissions were internally routed, reviewed, retained, declined, or otherwise handled.

4. Restructuring-Related Governance and Operational Controls
◦ Board, management, or committee documents reflecting decisions to constrain, pause, modify, or manage development or financing activity, including documents addressing operational impacts on development intake or authority during restructuring.
◦ Communications among Debtor management concerning implementation of such decisions as they relate to development operations.

5. Authority-Relevant Executive and Management Decisions
◦ Documents reflecting executive role changes, step-downs, transitions, or reallocations of authority during the relevant period, to the extent such documents define or affect decision-making authority over development submissions.

6. Financial Participation Structures Affecting Development Authority (Limited)
◦ Documents sufficient to identify whether financial backers, lenders, or affiliated entities imposed conditions or limitations affecting development intake, review authority, or operational control, without seeking deal economics or valuation terms.

7. Records Retention and Preservation Policies
◦ Documents sufficient to identify policies, procedures, or practices governing the retention, preservation, archiving, or destruction of corporate communications and third-party development submissions during the relevant period.

8. Third-Party Access Controls (Process-Only)
◦ Documents sufficient to identify whether third parties were granted access to third-party development submissions through Debtor-controlled systems, platforms, or workflows, including the nature of any access controls or restrictions, without seeking content, deal terms, or economic information.

9. Clarifications, Guidance Requests, and Internal Responses (Process-Only)
◦ Documents sufficient to identify whether requests for clarification, guidance, or confirmation regarding authority, submission handling, or development intake were received from third parties during the relevant period, and whether any internal response, escalation, or disposition occurred, without seeking substantive content or legal advice.

For avoidance of doubt, the foregoing requests seek process, authority, and control information sufficient to identify how development submissions were governed, accessed, and handled at the estate level.

### III. Purpose and Relevance

The requested examination relates directly to:
- estate governance and internal controls,
- representations of authority made on behalf of the Debtors, and
- record integrity and operational practices affecting estate administration.

The information sought is uniquely within the possession of the Debtors and is not available through the existing claims record.

### IV. No Improper Purpose

This Motion is not brought to:
- relitigate disallowed claims,
- supplement the appellate record, or
- pursue discovery in lieu of, or as a substitute for, procedures governing adversary proceedings, if any are later commenced.

The examination is sought solely to clarify estate-level governance, authority representations, and internal handling practices relevant to administration of the Debtors' estate.

### V. Conclusion

For the foregoing reasons, the Claimant respectfully requests that the Court enter an order authorizing the Rule 2004 examination and limited document production described herein.

Respectfully submitted,

THE G.O.A.T. MEDIA, LLC

/s/ John T. Pautsch

John T. Pautsch
9903 Santa Monica Blvd. #169
Beverly Hills, CA 90212
P: 310.745.0257
E: legal@thegoat.com

Dated: February 2, 2026

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:
Village Roadshow Entertainment Group, et al.,
Debtors.

Case No. 25-10475 (TMH)



**ORDER GRANTING MOTION FOR RULE 2004 EXAMINATION AND LIMITED DOCUMENT PRODUCTION**

Upon the Motion of THE G.O.A.T. MEDIA, LLC for Examination and Limited Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "Motion"), and after due consideration thereof, it is hereby:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Debtors shall produce documents and make a representative available for examination consistent with the scope set forth in the Motion; and it is further

ORDERED that such examination and production shall be conducted at a mutually agreeable time and manner; and it is further

ORDERED that the Court retains jurisdiction to resolve any disputes arising from implementation of this Order.

Dated: _____

The Honorable Thomas M. Horan
United States Bankruptcy Judge