IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10475 (TMH)<br><br>(Jointly Administered) |

RECEIVED
2026 FEB 17 P 2:06
US BANKRUPTCY
DISTRICT OF DELAWARE

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE G.O.A.T. MEDIA, LLC, ELECTION TO OPT OUT OF THIRD-PARTY RELEASES, AND CONDITIONAL REQUEST FOR CLARIFICATION AND CONTINGENT RESERVE

THE G.O.A.T. MEDIA, LLC ("Claimant"), a party in interest pursuant to 11 U.S.C. §1109(b), submits this Limited Objection in connection with confirmation of the Joint Plan of Liquidation (D.I. 1317) (the "Plan"), and states as follows:

### I. LIMITED PURPOSE

1. Claimant filed Claims 16 and 17 in these Chapter 11 Cases.

2. Those claims were disallowed. Claimant timely appealed the disallowance. The appeal remains pending and is not finally adjudicated.

3. The appealed claims arise from alleged misconduct and governance failures involving the Debtors' handling of Claimant's intellectual property and related commercial relationships. Claimant relies on documentary evidence previously submitted in the record and incorporated by reference. The merits have not been adjudicated and remain under appellate review.

4. Claimant also withdrew Claim 94 with an express reservation of rights. That withdrawal did not waive any independent claims or causes of action.

5. This Limited Objection addresses only the issues expressly identified herein.

## II. ELECTION TO OPT OUT

6. Pursuant to Article XI of the Plan, Claimant hereby affirmatively elects to opt out of any and all third-party releases.

7. Claimant does not consent to designation as a "Releasing Party."

8. This election removes any ambiguity regarding consent and preserves all claims against non-Debtor parties.

## III. LIMITED OBJECTION REGARDING APPLICATION OF RELEASES

9. The Plan defines "Releasing Party" broadly and purports to bind holders of claims who receive a Non-Voting Status Notice absent opt-out.

10. Article XI provides that Releasing Parties are deemed to grant broad and irrevocable releases.

11. The breadth of the Third-Party Release underscores the importance of clear consent mechanics and careful judicial scrutiny where governance-related disputes remain unresolved.

12. Claimant's Claims 16 and 17 remain subject to active appellate review.

13. Confirmation and implementation of the Plan must not operate to impair, release, moot, or otherwise extinguish claims that remain under appellate review.

14. In the absence of clarification, confirmation may render the pending appeal equitably or constitutionally moot.

15. To the extent the Plan purports to bind Claimant notwithstanding the non-final status of the disallowance order, Claimant objects pursuant to 11 U.S.C. §1129 and governing constitutional limitations on non-consensual third-party releases.

16. Claimant does not concede the validity, scope, or factual predicate of any release provision as applied to the misconduct and governance failures alleged in the appealed claims and supported by documentary evidence previously submitted and incorporated by reference. To the extent the Plan purports to extinguish or impair claims that remain subject to active appellate review, Claimant expressly objects and preserves all rights. Claimant reserves all claims, causes of action, defenses, and remedies available under applicable law in any forum of competent jurisdiction, including any rights relating to the conduct of any Debtor or non-Debtor party. Nothing in this Limited Objection shall be construed as consent to non-consensual third-party releases, as a waiver of appellate rights, or as a relinquishment of any rights not expressly addressed herein. Nothing herein shall be construed as limiting or impairing Claimant's rights with respect to any Debtor or non-Debtor party, except to the extent expressly provided in a final, non-appealable order of this Court.

## IV. REQUEST FOR CLARIFICATION

17. Claimant respectfully requests entry of an order clarifying that nothing in Article XI shall release, impair, moot, or otherwise affect claims held by Claimant unless and until the appeal of the disallowance order is finally resolved.

18. Such clarification preserves the integrity of the appellate process and ensures confirmation does not function as a de facto extinguishment of claims subject to review.

## V. CONDITIONAL REQUEST FOR CONTINGENT RESERVE

19. The disallowance of Claims 16 and 17 is not final.

20. The merits and any valuation of those claims have not been adjudicated.

21. If confirmation and distributions occur prior to final resolution of the appeal, the absence of a reserve could render a successful appeal practically meaningless.

22. Claimant therefore conditionally requests establishment of an appropriate contingent reserve sufficient to preserve potential participation rights pending final appellate determination.

23. This request does not seek present allowance or valuation and is made solely to preserve structural fairness.

## VI. RESERVATION OF RIGHTS

24. Claimant reserves the right to amend, supplement, or further support this Limited Objection as appropriate, and to seek additional relief as warranted by subsequent developments in these Chapter 11 cases. Nothing herein shall be construed as a waiver of any rights, claims, defenses, or remedies available under applicable law.

## VII. CONCLUSION

25. WHEREFORE, Claimant respectfully requests that the Court:

A. Recognize Claimant's affirmative opt-out of third-party releases;

B. Clarify that the Plan does not release or impair claims held by Claimant pending final appellate resolution;

C. Direct establishment of an appropriate contingent reserve if confirmation precedes final appellate determination; and

D. Grant such other and further relief as the Court deems just and proper.

Dated: February 17, 2026

Respectfully submitted,

THE G.O.A.T. MEDIA, LLC
/s/ John T. Pautsch
John T. Pautsch
Authorized Representative
9903 Santa Monica Blvd., #169
Beverly Hills, CA 90212
Telephone: (310) 745-0257
Email: legal@thegoat.com

## CERTIFICATE OF SERVICE

I, John T. Pautsch, hereby certify that on February 17, 2026, a true and correct copy of the foregoing Limited Objection and Reservation of Rights of THE G.O.A.T. MEDIA, LLC, Election to Opt Out of Third-Party Releases, and Conditional Request for Clarification and Contingent Reserve was:

(i) hand-delivered to the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware for filing; and

(ii) served via electronic mail upon counsel for the Debtors and the Office of the United States Trustee at the email addresses listed on the Master Service List in Case No. 25-10475 (TMH).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 17, 2026

/s/ John T. Pautsch

John T. Pautsch
Authorized Representative
THE G.O.A.T. MEDIA, LLC